WHITE, J.
This is an appeal by plaintiff from a judgment of dismissal following an order sustaining a demurrer to plaintiff’s complaint without leave to amend.
Plaintiff’s complaint alleged that at all times referred to therein he was the owner and operator of a bar and restaurant business and that the defendant had issued to him a policy of insurance commonly known as an 1 ‘ Owners, Landlords and Tenants Liability Policy” covering the said business and the premises upon which the same was conducted, a copy of which policy is attached to the complaint and incorporated therein by reference.
The allegation of the complaint as to the incidents out of which the plaintiff sought to enforce the coverage of defend *Supp. 845 ant under the said insurance policy, the truth of which must be accepted for the purpose of our consideration of the propriety of the ruling on the demurrer, arose out of an alleged robbery of the plaintiff, on the said premises and during business hours, and the flight of the culprit and the apprehension of one Donald Penick immediately thereafter. Said Donald Penick was apprehended by the plaintiff personally, immediately following the alleged robbery, while said Penick was standing in front of the plaintiff’s place of business, under circumstances that made the plaintiff believe, so he alleged, that said Penick was an accomplice of the robber. Plaintiff is said to have “insisted that Donald Penick come inside the premises and await the arrival of the police, which Donald Penick thereupon did; that when the police arrived they questioned Donald Penick then took him in their automobile to the police station where he was further questioned and later released; that plaintiff was mistaken, and as it subsequently developed said Donald Penick was not an accomplice of the robber; that the said action of plaintiff was not an intentional, wilful or deliberate interference with the freedom of Donald Penick but was an act which resulted from, negligence, error and lack of due care on the part of plaintiff.”
The complaint further alleges that said Donald Penick filed an action in the Superior Court of the State of California in and for the County of Sacramento against plaintiff seeking damages for the alleged false arrest of said Donald Penick, wherein said Donald Penick alleged that the said arrest was made wilfully, maliciously and with probable cause; that plaintiff requested defendant to undertake the defense of said action, but that defendant refused to do so; that in said action said Donald Penick recovered a judgment, on a jury verdict, in the sum of $1,000 plus costs in the sum of $206.22, which has become final, and that the sum of $983.35 attorneys’ fees and $16.65 costs were reasonably expended in the defense of the said action, for which recovery was sought. (Plaintiff sought an additional sum of $1,000 as and for attorneys’ fees for the instant proceedings, but in this appeal he has conceded that said fees are not recoverable herein.)
Plaintiff points out that while Donald Penick sought both compensatory damages and punitive damages in his action against the plaintiff here, nevertheless the verdict of the jury awarded only compensatory damages and no punitive damages whatsoever were awarded. Counsel for respondent concedes that this may be interpreted as a finding of lack of *Supp. 846 malice insofar as the activities of plaintif were concerned.
Defendants demurrer is founded upon the contention that false arrest is not one of the items insured against in the policy of the plaintiff, and that by the provisions of section 533 of the Insurance Code of the State of California the insurer is not liable for damages caused by false arrest because of the “wilful act” of the insured.
Under the provisions of the policy the defendant undertook to pay on behalf of the insured all sums which the insured should became legally obligated to pay “as damages because of bodily injury, . . . sustained by any person, caused by accident and arising out of the hazards hereinafter defined.” The operation of the business of the insured was one of the hazards so covered. The carrier also undertook to defend any and all actions with respect to such insurance as was afforded by the policy.
It is significant to note that by the expressed provisions of the general conditions of the insurance policy it was provided that “assualt and battery shall be deemed an accident unless committed by or at the direction of the insured. ’ ’
In effect, the contention of defendant is that act of false arrest is not an accident, within the meaning of that word as used in its policy of insurance, but to the contrary is a wilful act for which its liability is excluded by the provision of the Insurance Code upon which it relies. The defendant also asserts that the pleading in the action for damages filed by the victim of the false arrest measures the obligation of the insurer to defend and excludes the possibility of any liability for the damages resulting in the action for false arrest.
Mr. Justice Traynor in his opinion in the ease of Geddes & Smith, Inc. v. St. Paul-Mercury Indem. Co., 51 Cal.2d 558 [334 P.2d 881] observed that no all-inclusive definition of the word “accident” can be given, but that it has been defined “as ‘a casualty—something out of the usual course of events and which happens suddenly and unexpectedly and without design of the person injured. ’ [Citing cases.] ” The term accident “includes any event which takes place without the foresight or expectation of the person acted upon or affected by the event.” (Richards v. Travelers Ins. Co., 89 Cal. 170, [26 P. 762, 23 Am.St.Rep. 455], See also Ritchie v. Anchor Cas. Co., 135 Cal.App.2d 245, 252-253 [286 P.2d 1000].)
It is significant then, that an act of assault and battery upon the person of another may in effect be an “accident,” *Supp. 847 and that although it may be an intentional act, it would be such an event as covered by the terms of the policy of insurance here, except when committed by or at the direction of the insured, in which event coverage is expressly excluded by the terms of the policy.
The recent ease of Karpe v. Great American Indem. Co., 190 Cal.App.2d 226 [11 Cal.Rptr. 908] contains an interesting discussion of the question being consedered here, insofar as the problem relates to the asserted liability of an insured for what may appear to have been an intentional act, but one founded primarily in negligence. There the insured was the bailee of a valuable cow, and he caused the same to be slaughtered through inadvertence and incurred a liability of $5,000 to the owner thereof. The court held that by virtue of certain exclusions in the policy arising out of its status as a bailee he was not covered by the policy of insurance, but as dicta observed that even though this was an intentional act nevertheless it could have been an accident covered by the terms of the policy of insurance, and thus not within the prohibition of section 533 of the Insurance Code.
In Morre v. Fidelity & Cas. Co. of New York, 140 Cal.App.2d Supp. 967 [295 P.2d 154] the Appellate Department of the Superior Court of Los Angeles was concerned with an action by an insured against his carrier for a liability on a judgment against the insured arising out of the operation by the insured of a laundry, from which the lint had been permitted to drift upon the roof of a building occupied by a neighbor, who had recovered the judgment for damages resulting therefrom. The opinion of the court does not specifically reflect the allegations of the complaint, so as to show whether the liability had been predicated upon wilful tort or negligence, but in analyzing the effect of the allegation of the complaint the appellate decision considered the allegations as partaking of allegation of negligence, or at least ambiguous in that respect. The court there considered numerous cases relating to the definition of an ‘1 accident, ’ ’ and concluded that the event complained of in the primary action was an event covered by the policy of insurance.
In the instant action the defendant, in its brief, acknowledges that the inference which flows from the verdict of the jury in the primary action is that there was no malice on the part of the plaintiff here, but that the act of arrest of the victim, upon which the judgment of liability was based after the verdict of the jury, was upon an implied finding of *Supp. 848 an act (of arrest) having been done wilfully and without probable cause. On the basis of this implied finding of a wilful act the defendant urges the applicability of section 533 of the Insurance Code, which should be construed, if the theory of respondent be adopted, as intending to apply simply to an act performed intentionally and deliberately, regardless of the intent or purpose with which it was performed. Appellant’s position is that the term “wilful” as used in the Insurance Code denotes performance of an act for which no reasonable excuse can be given.
These are the same arguments which were advanced by the respective parties in Russ-Field Corp. v. Underwriters at Lloyd’s, 164 Cal.App.2d 83, 95 [330 P.2d 432], There, both constructions advanced were said to find support in the decisions, and it was stated that depending on the context the terms “wilful” and “wilful act” as used in statutes have quite different significations attached to them. It was further said that the terms are used in one sense to denote the quality of an act or the intent with which it was done, but that more often the terms denote simply an act deliberately and voluntarily performed. The court there concluded that the words “wilful act” as so used in the Insurance Code were used to connote something more blameworthy than the sort of misconduct involved in ordinary negligence, and something more than the mere intentional doing of an act constituting such negligence; that “the ordinary negligence of the insured and his agents has long been held as a part of the risk which the insurer takes upon himself, and the existence of which, where it is the proximate cause of the loss, does not absolve the insurer from liability. But wilful exposure—gross negligence—negligence amounting to misconduct, etc., have often been held to release the insurer from such liability.”
It is significant that the liability of the plaintiff here, as defendant in the false arrest action, need not have been founded on an implied finding of ill will or desire to injure, for although intent is necessary as an element of the tort of false arrest, malice, in the sense of ill will or desire to injure, is not. (Prosser, Law of Torts, (2d ed.) § 12, p. 52.)
When we view the allegations of the complaint that “the said action of plaintiff (in making the arrest) was not an intentional, wilful or deliberate interference with the freedom of Donald Penick but was an act which resulted from negligence, error and lack of due care on the part of plaintiff,” we conclude that the event complained of could have been *Supp. 849 one of the hazards covered by the policy of insurance issued by defendant, and that it was error for the trial court to sustain the general demurred interposed to plaintiff’s complaint. In so concluding we are mindful of the fact that the provisions of section 533 of the Insurance Code are founded upon the public policy that no individual should be able to contract to relieve himself of the responsibility for his own wrongs, and as so understood the word “wilful” as used in said action may be said to connote an act done with malevolence, as distinguished from an act motivated by good intentions but founded in negligence.
It would seem to follow that inasmuch as the right and duty to defend are at least equal to the responsibility of the insurer under the policy to pay the losses covered thereby, the responsibility of the defendant to pay for the expenses of the litigation in the primary action is dependent upon the determination of the question of coverage under the terms of the policy.
The order of dismissal is reversed and the cause remanded for proceedings not inconsistent herewith.
Mundt, P. J., concurred.