[Civ. No. 11623. Third Dist. July 26, 1968.]

ALICE L. AZEVEDO, Plaintiff and Appellant, v. RUTH ABEL, as Executrix, etc., Defendant and Respondent.

[Civ. No. 11800. Third Dist. July 26, 1968.]

PACIFIC INDEMNITY COMPANY, Petitioner, v. WORK-MEN'S COMPENSATION APPEALS BOARD, ALICE L. AZEVEDO et al., Respondents.

(Consolidated Cases.)

Eugene C. Treaster for Plaintiff and Appellant in No. 11623, (a Respondent in No. 11800).

White, Harber, Fort & Schei and Gene E. Pendergast, Jr., for Defendant and Respondent in No. 11623.

Hanna & Brophy and F. Clinton Murphy for Petitioner in No. 11800.

Everett Corten, Rupert Pedrin and Van Gelder, Sypnicki & McClarrinon for Respondents in No. 11800.

FRIEDMAN, J.—Alice Azevedo, employee in a retail dress shop, was injured when Abel, her angry employer, kneed her in the sacrococcyx area. Occurrence of the injury in the course of her employment is undisputed. She first filed a claim for workmen's compensation benefits, then commenced a lawsuit in the superior court seeking compensatory and punitive damages. Later the employer died. His compensation carrier, Pacific Indemnity Company, defends the workmen's compensation proceeding. His executrix has been substituted as defendant in the damage suit.

In December 1965 the Industrial Accident Commission (predecessor of the Workmen's Compensation Appeals Board) dismissed the compensation proceeding, believing that it lacked jurisdiction to make an award where the injury was intentionally inflicted by the employer.[1] This court granted review. In *Azevedo* v. *Industrial Accident Com.* (1966) 243 Cal.App.2d 370 [52 Cal.Rptr. 283], we set aside the dismissal and ordered resumption of the compensation proceedings. Disapproving our earlier decision in *Conway* v. *Globin* (fn. 1, *supra*), we held that an industrially connected, albeit intentionally inflicted, injury is compensable.

The scene then shifted to the superior court, which granted a defense motion for dismissal of the damage action.[2] Mrs. Azevedo appealed from the judgment. In the renewed workmen's compensation proceeding, however, she was awarded temporary and permanent disability benefits, medical expenses and further medical treatment. We granted Pacific Indemnity's petition for a review of the award. For the purpose of decision, we have consolidated Mrs. Azevedo's appeal from the adverse superior court judgment and Pacific Indemnity's petition for review of the compensation award.

---

[1] The commission's action was grounded upon this court's decision in *Conway* v. *Globin* (1951) 105 Cal.App.2d 495 [233 P.2d 612], holding that the workmen's compensation law does not cover injuries caused by an assault by the employer.

[2] The order of dismissal was premised upon Labor Code section 3601. That section declares in part: "(a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in Section 3706, the exclusive remedy for injury or death of an employee against the employer . . . ."

A parallel provision is section 3600, which establishes the conditions of compensation, declaring that where these conditions exist, "[l]iability for the compensation provided by this division [shall be] in lieu of any other liability whatsoever to any person except as provided in Section 3706 . . . ." The exception provided by section 3706 permits a common law damage action, in addition to the workmen's compensation proceeding, where the employer has failed to secure the payment of compensation through insurance or approved self-insurance.

454

■ Pacific Indemnity cites provisions of California law, particularly Insurance Code section 533 and Civil Code section 1668, prohibiting insurance and indemnification against willful injury.[3] Thus, it contends that the employer's compensation insurance does not provide coverage against his intentional assault upon the employee; that the Appeals Board erred in holding the insurance carrier; that, as to this willful injury, the employer has failed to provide compensation security, thus permitting the employee to invoke Labor Code section 3706 (fn. 2, *supra*) and to pursue common law and workmen's compensation remedies concurrently.

Labor Code section 3600 declares in effect that *liability* for workmen's compensation shall be in lieu of any other liability; section 3601 that the *right* to recover workmen's compensation shall be the exclusive *remedy* for the employee's injury or death. Used to denote exclusiveness or concurrency, words such as these tend to becloud the important distinction between substantive entitlement and procedural means. ■ While these terms are often used interchangeably, a "right" is generally a claim which the law will enforce,[4] while a "remedy" refers to the judicial means by which it is made effective.[5] ■ Essentially, sections 3600 and 3601 are substantive declarations, fixing the employee's claim to those benefits declared by the compensation law and foreclosing entitlement to the damages traditionally available through the courts of law. Strictly speaking, then, these provisions do not point to a tribunal with exclusive jurisdiction to supply a remedy. That function is served by Labor Code section 5300, which designates the Workmen's Compensation Appeals Board as the exclusive tribunal to award workmen's compensation benefits.[6] Section 5300 really declares the procedural or

[3] Insurance Code section 533:
"An insurer is not liable for a loss caused by the wilful act of the insured, but he is not exonerated by the negligence of the insured, or of the insured's agents or others."
Civil Code section 1668:
"All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."

[4] *Estate of Gogabashvele* (1961) 195 Cal.App.2d 503, 508 [16 Cal.Rptr. 77].

[5] *Frost* v. *Witter* (1901) 132 Cal. 421, 426 [64 P. 705]; *Painter* v. *Berglund* (1939) 31 Cal.App.2d 63, 70 [87 P.2d 360].

[6] Labor Code, section 5300:
"All the following proceedings shall be instituted before the appeals board and not elsewhere, except as otherwise provided in Division 4.
"(a) For the recovery of compensation, or concerning any right or

jurisdictional result of substantive decisions reached under sections 3600 and 3601.

Regard for the distinction between substantive and procedural declarations facilitates analysis of the pertinent decisions. In *Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76 [293 P.2d 18], the court was confronted with the practical problem arising when either one of two tribunals has an exclusive jurisdiction which cannot be discerned until such time as a final decision on substantive entitlement is reached. *Scott* holds that—as between the workmen's compensation agency and the trial courts—the tribunal first assuming jurisdiction retains it to the exclusion of the tribunal invoked later (46 Cal.2d at p. 81) ; that the only point of concurrent jurisdiction is jurisdiction to determine jurisdiction (46 Cal.2d at p. 83) ; if the claim is not covered by workmen's compensation the industrial accident agency (now the Appeals Board) has no jurisdiction to give relief, and if there is coverage the superior court is without jurisdiction (46 Cal.2d at p. 83) ; that a final determination as to coverage by either tribunal will be *res judicata* in subsequent proceedings between the parties or their privies (46 Cal.2d at p. 83) ; that the tribunal first invoked should proceed to determine jurisdiction, while the second will be restrained if it attempts to do so (46 Cal.2d at p. 81.)

*Taylor* v. *Superior Court* (1956) 47 Cal.2d 148 [301 P.2d 866], represents an application of the concept developed in Scott, holding that the superior court should not proceed to trial in the damage action where an earlier-commenced compensation proceeding is pending. Essentially, *Scott* and *Taylor* deal with the problem of remedy or jurisdiction, not substantive entitlement.

Substantive entitlement, however, was the central problem in our former decision in this case, *Azevedo* v. *Industrial Acc. Com.*, *supra.* The substantive question was whether the employee had a right to workmen's compensation benefits for an injury intentionally inflicted by the employer. We held in the affirmative. Procedurally, we went no farther than to declare, in conformity with the *Scott* case, that the workmen's compensation agency had jurisdiction to decide the question of

liability arising out of or incidental thereto.

"(b) For the enforcement against the employer or an insurer of any liability for compensation imposed upon him by this division in favor of the injured employee, his dependents, or any third person.

"...........................................''

coverage where its jurisdiction had been first invoked (243 Cal.App.2d at pp. 376-377).

In *Carter* v. *Superior Court* (1956) 142 Cal.App.2d 350 [298 P.2d 598], the employee had secured an award from the workmen's compensation agency for injuries inflicted by an assaultive employer, then brought a civil damage action. Holding that the compensation agency's final decision in favor of coverage was *res judicata,* the court restrained further prosecution of the civil damage action. *Carter* too was a procedural decision, since the employee's entitlement to workmen's compensation benefits was not in question. The substantive problem of entitlement to civil damages vanished with the denial of access to the civil courts.[7]

Here the parties do not question Mrs. Azevedo's substantive entitlement to workmen's compensation benefits. The compensation carrier, however, disclaims insurance coverage, on the theory that statutory declarations of public policy outside the workmen's compensation law preclude insurance covering willful injury by the policyholder. Specifically, the insurer relies on Insurance Code section 533 and Civil Code section 1668 (quoted in fn. 3, *supra*). These provisions establish a public policy to prevent insurance coverage which has the effect of encouraging willful torts.[8] Case law qualifies the policy in some respects. For example, recovery against the insurer under a subsequent estoppel does not encourage unlawful conduct and is not precluded by the policy statutes. (*Ibid.*)

No California decision has considered the system of workmen's compensation insurance in relation to the statutory ban on insurance against willful injury liability. The workmen's compensation law, Labor Code section 3700, provides that private employers "shall secure the payment of compensation" either by liability insurance or by a certificate of consent to self-insure. Section 15 of the same code states that "shall" is mandatory. Section 3710.2 declares that failure to secure the payment of compensation is a misdemeanor. As to em-

---

[7]Other decisions declare the exclusiveness of the workmen's compensation award, sometimes in the setting of substantive disentitlement to civil damages (e.g., *Friere* v. *Matson Navigation Co.* (1941) 19 Cal.2d 8, 10 [118 P.2d 809]; *Scott* v. *Pacific Coast Borax Co.* (1956) 140 Cal. App.2d 173, 177-178 [294 P.2d 1039]), sometimes in a procedural sense (e.g., *Giacalone* v. *Industrial Acc. Com.* (1953) 120 Cal.App.2d 727, 728 [262 P.2d 79]).

[8]*Tomerlin* v. *Canadian Indem. Co.* (1964) 61 Cal.2d 638, 648 [39 Cal. Rptr. 731, 394 P.2d 571].

ployers not covered by approved self-insurance, these provisions impose a statutory obligation to insure, an obligation which must be met before the actual necessity for payment arises, not when compensation is already payable.[9] Liability policies, when approved by the State Insurance Commissioner, may restrict coverage by risks, persons or occupations. (Ins. Code, §§ 11657-11660; *Fyne* v. *Industrial Acc. Com.* (1956) 138 Cal.App.2d 467, 473 [292 P.2d 78].) The authority for restrictions or exclusions in individual policies does not permit gaps in the coverage of the employer's *ordinary liability* for disability payments and medical expenses. The workmen's compensation law demands security for this ordinary liability in advance of injury. It does not pretermit this demand in the case of perils caused by the employer's willful tort. There is, then, a surface conflict between the compensation law's demand for secured compensation and the statutory policy against insurance for willful torts.

The conflict disappears in the light of additional statutes. Labor Code section 4553 directs that the workmen's compensation otherwise recoverable shall be increased one-half when the employee is injured by the employer's serious and willful misconduct, while Insurance Code section 11661 prohibits insurance covering this additional compensation.[10] The award for serious and willful misconduct represents additional compensation over and above what we have termed the employer's "ordinary liability" for disability and medical expenses; each of the two awards represents a different kind of liability; that for serious and willful misconduct has the characteristics of a penalty superimposed upon the standard scale of pay-

[9]*Coffin* v. *Bloodworth* (1938) 28 Cal.App.2d 522, 524 [82 P.2d 953]; 2 Hanna, California Law of Employee Injuries and Workmen's Compensation (2d ed.) § 20.01.

[10]Labor Code section 4553: "The amount of compensation otherwise recoverable shall be increased one-half where the employee is injured by reason of the serious and willful misconduct of any of the following:

"(a) The employer, or his managing representative.

"(b) If the employer is a partnership, on the part of one of the partners or a managing representative or general superintendent thereof.

"(c) If the employer is a corporation, on the part of an executive, managing officer, or general superintendent thereof.

"But such increase of award shall in no event exceed seven thousand five hundred dollars ($7,500), together with costs and expenses incident to procurement of such award, not to exceed two hundred fifty dollars ($250)."

Insurance Code, section 11661: "An insurer shall not insure against the liability of the employer for the additional compensation recoverable for serious and wilful misconduct of the employer or his agent."

ments.[11] If, as Pacific Indemnity contends, Insurance Code section 533 and Civil Code section 1668 apply to workmen's compensation liability, they overlay both ordinary compensation and the additional compensation for serious and willful misconduct. Given that scope, these provisions would deprive section 11661 of useful function. The latter is a specialized expression of the same public policy expressed by the other two statutes, but evolved for the particular purposes of workmen's compensation coverage. The employer's inability to insure himself against liability for serious and willful misconduct amply fulfills the public policy banning insurance which tends to encourage willful injury. The public policy does not stand in need of additional support. For the purpose of the workmen's compensation system, Insurance Code section 11661 serves as sole spokesman of the public policy. Section 533 of the Insurance Code and section 1668 of the Civil Code do not apply to workmen's compensation insurance coverage and do not prohibit insurance against the employer's ordinary liability for disability compensation and medical expense, even when occasioned by his willful wrong.

The Appeals Board awarded Mrs. Azevedo disability compensation and medical expenses, but no additional compensation for serious and willful misconduct. Pacific Indemnity's disclaimer of coverage is rejected.

 In assailing dismissal of her civil damage action, Mrs. Azevedo proposes a judicial detour around the statutes making the workmen's compensation law the "exclusive remedy." (Lab. Code, §§ 3600-3601, fn. 2, *supra*.) She points out that the employee's confinement to workmen's compensation protects the employer from the common law consequence of his intentional tort, shielding him from general and punitive damage liability. She urges a concurrent pair of liabilities and concurrent jurisdiction on the part of the two tribunals in this limited class of cases, the ultimate damage award to be diminished by the compensation award. Thus, for different motivations, she would reach a result somewhat paralleling that sought by the compensation insurance carrier.

The compensation laws of some states expressly sanction tort damage recovery in addition to the compensation award where the injury resulted from the employer's deliberate act. (2 Larson, Workmen's Compensation Law, pp. 160-161.) In

[11]See *Lambreton* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 498, 504-505 [297 P.2d 9]; *Mercer-Fraser Co.* v. *Industrial Acc. Com.* (1953) 40 Cal.2d 102, 108 [251 P.2d 955].

some other jurisdictions the courts have rejected employer attempts to invoke workmen's compensation coverage as a defense against intentional tort suits. Some, as did this court in *Conway* v. *Globin* (fn. 1, *supra*), declare that the employer's intentional wrong is not employment-connected at all; others that the employer's deliberate wrong gives the employee a choice of remedies between a civil action and workmen's compensation claim. One theory is that the employer "will not be heard" to allege that his intentional wrong was an industrial accident;[12] another that he severed the employment relationship by his act of violence; another that resort to workmen's compensation as a bar to civil relief encourages willful torts.[13]

No question is raised here as to coverage by the workmen's compensation law. The same law, in Labor Code sections 3600-3601, declares itself the exclusive source of entitlement for covered injuries. A damage suit as an alternative or additional source of compensation, becomes permissible only by carving a judicial exception in an uncarved statute. Whatever the question of judicial power, the *ad hoc* theories devised to avoid the statute possess shallow appeal. Resort to a fictitious theory of noncompensability relegates the employee to the dubious benefit of a lawsuit he may lose. The theory which poses a civil action as a sanction against deliberate torts is enfeebled by the compensation law's penalty for serious and willful misconduct. Neither moral aversion to the employer's act nor the shiny prospect of a large damage verdict justifies interference with what is essentially a policy choice of the Legislature. The policy choice is to provide employees economic insurance against disability in exchange for the speculative possibility of general damages;[14] to offer the augmented

---

[12] California definitions of "accident" extend the term to an event not anticipated by the victim, even though the perpetrator acted deliberately. (*Capachi* v. *Glens Falls Ins. Co.* (1963) 215 Cal.App.2d Supp. 843, 846 [30 Cal.Rptr. 323]; see *Geddes & Smith, Inc.* v. *St. Paul-Mercury Indem. Co.* (1959) 51 Cal.2d 558, 563-564 [334 P.2d 881].)

[13] See *Boek* v. *Wong Hing* (1930) 180 Minn. 470 [231 N.W. 233, 72 A.L.R. 108]; *Rumbolo* v. *Erb* (1941) 46 N.J.Eq. 552 [20 A.2d 54]; *Camacho* v. *Inner Springs Inc.* (1955) 142 N.Y.S.2d 886; *Readinger* v. *Gottschall* (1963) 201 Pa.Super. 134 [191 A.2d 694]; 2 Larson, *op.cit.*, *supra*, pp. 153-155; Schmidt and German, *Employer Misconduct as Affecting the Exclusiveness of Workmen's Compensation* (1956) 18 U.Pa.L.Rev. 81, 90-91.

[14] *Moore Shipbuilding Corp.* v. *Industrial Acc. Com.* (1921) 185 Cal. 200, 205 [196 P. 257, 13 A.L.R. 676]; *Lowman* v. *Stafford* (1964) 226 Cal.App.2d 31, 37-38 [37 Cal.Rptr. 681].

award for serious and willful misconduct in trade for the relatively rare award of punitive damage.

Counsel for Mrs. Azevedo cites *Reed* v. *Steamship Yaka* (1963) 373 U.S. 410 [10 L.Ed.2d 448, 83 S.Ct. 1349], which holds that the ''exclusive liability'' clause of the federal Longshoremen's and Harbor Workers' Compensation Act does not prevent an *in rem* action against an unseaworthy vessel supplied by an owner who (under the circumstances of the case) was also the employer of the injured longshoreman. The *Reed* case is not persuasive here, resting as it does upon an appraisal of congressional intent in the particular enactment. A minority opinion in *Reed* (373 U.S. at pp. 417-418 [10 L.Ed.2d at pp. 453-454]) confessed inability to find such a congressional intent. The comparable clauses of California law (in Lab. Code, §§ 3600 and 3601) are unambiguous internally, in relation to associated statutes and in relation to the facts at hand. There is no need or occasion for narrowing them by construction. Whenever, to employ the terminology of section 3601, the ''conditions of compensation'' are found to exist, Mrs. Azevedo's entitlement is or will be confined to workmen's compensation benefits.

■ While consistent with *Scott* v. *Industrial Acc. Com.*, *supra,* the superior court's dismissal of Mrs. Azevedo's lawsuit was premature. A judicial affirmation of compensability becomes *res judicata* only when it reaches finality.[15] The Workmen's Compensation Appeals Board award had not actually become final when the superior court dismissed Mrs. Azevedo's lawsuit, because the award was still subject to a writ of review. Nevertheless, both proceedings have been consolidated for decision in this court. The consolidation subjects both judgments to an identical timetable of finality. Hence it is safe to affirm both the compensation award and the superior court judgment of dismissal.

■ Pacific Indemnity questions the propriety of a sum awarded for self-procured physiotherapy. An award for self-procured medical treatment was proper because the employer had failed to provide treatment. (Lab. Code, § 4600.) The physiotherapy item is the subject of complaint because an unspecified part of the cost was incurred a few days before Mrs. Azevedo consulted a licensed physician. The monetary significance of the objection is not revealed, but it is infer-

[15]*Taylor* v. *Superior Court, supra,* 47 Cal.2d at p. 151; *Giacalone* v. *Industrial Acc. Com., supra,* 120 Cal.App.2d at p. 737,

ably close to *de minimis.* The physician acquiesced in the physiotherapy program and directed its continuance. Under these circumstances Mrs. Azevedo is not in the position of a claimant who incurred a significant bill for auxiliary services without medical direction. The doctor's ratification related back to the portion of the physiotherapist's fee incurred within the preceding few days, and his direction for its continuance demonstrates its reasonableness. (See 2 Hanna, *op. cit., supra,* § 16.01 [2].)

The award of the Workmen's Compensation Appeals Board is affirmed; the superior court judgment of dismissal is likewise affirmed.

Pierce, P. J., and Regan, J., concurred.

The petition of appellant in No. 11623 and the application of petitioner in No. 11800 for a hearing by the Supreme Court were denied September 18, 1968.