[Civ. No. 16925. Fourth Dist., Div. One. July 24, 1979.]

IMPERIAL IRRIGATION DISTRICT, Plaintiff and Respondent, v.
CHUBB/PACIFIC INDEMNITY GROUP, Defendant and Appellant.

**COUNSEL**

McInnis, Fitzgerald, Rees & Sharkey, Noel M. Allen and Charles W. Rees, Jr., for Defendant and Appellant.

Horton, Knox, Carter & Foote and Frank A. Oswalt III for Plaintiff and Respondent.

**OPINION**

**COLOGNE, J.**—Imperial Irrigation District (District) filed this action against Chubb/Pacific Indemnity Group (Pacific) to recover damages it was obliged to pay the heirs of Pedro L. Leal under an order of the Workers' Compensation Appeals Board (Board) for compensation awarded for "serious and willful misconduct." The trial court found for the District and entered judgment for $9,333.39. Pacific appeals.

No issue is made as to the propriety of the Board's award of compensation against the District for serious and willful misconduct pursuant to Labor Code section 4553 by reason of the failure of District employees to properly slope or shore up the sides of a trench.[1] ■ The

---

[1]Labor Code section 4553 provides: . "The amount of compensation otherwise recoverable shall be increased one-half where the employee is injured by reason of the serious and willful misconduct of any of the following:

"(a) The employer, or his managing representative.

"(b) If the employer is a partnership, on the part of one of the partners or a managing representative or general superintendent thereof.

"(c) If the employer is a corporation, on the part of an executive, managing officer, or

only issue is whether Pacific is required to indemnify the District for this award.

The California Public Entity Special Comprehensive Liability Policy issued by Pacific for the District provides the following coverage:

"1. Coverage A—Bodily and Personal Injury Liability

"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of liability imposed by law, including Chapter 1681 of the State of California Statutes of 1963, or liability assumed by contract, insofar as the named insured may legally do so, for damages:

"(1) because of bodily injury, sickness or disease, including death at any time resulting therefrom and also including care and loss of services, sustained by any person or persons, or

"(2) because of any other injury a person may suffer to his person, reputation, character or feelings, including but not limited to malpractice, false arrest, detention or imprisonment, malicious prosecution, libel, slander, defamation of character, invasion of privacy, wrongful eviction or wrongful entry.

"   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Coverage D—Errors or Omissions Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay, insofar as such coverage is not afforded under Coverages A or C, on account of any claim for breach of duty made against the insured by reason of any negligent act, error or omission of the insured if such negligent act, error or omission is committed during the policy period and discovered during the policy period or within twenty-four months after termination of the policy.

---

general superintendent thereof.
"But such increase of award shall in no event exceed ten thousand dollars ($10,000); together with costs and expenses incident to procurement of such award, not to exceed two hundred fifty dollars ($250)."

"..... . . . . . . . . . . . . . .

"This policy does not apply:

"..... . . . . . . . . . . . . . .

"(b) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

"..... . . . . . . . . . . . . . ."

The policy issued to the District does not provide coverage for liability under workers' compensation law. The exclusions cover any obligation *under coverage A* for which the insured may be held liable under any workers' compensation law. It can only be asserted the coverage is provided by "Coverage D," which is not subject to the exclusion. This section purports to provide protection for sums which the insured would be obligated to pay on account of a breach of duty. It is referred to as errors or omissions liability.

It must be conceded the failure to properly slope or shore up the walls of the trench is a violation of a safety order and would constitute a breach of a duty.

While this policy does not purport to provide indemnity for claims arising from workers' compensation, to the extent the carrier's liability for indemnity stems from an order of a referee or the Board in such proceedings, the policy is subject to the provisions of chapter 2, division 2 of the Insurance Code (beginning at § 11630).

Insurance Code section 11661, dealing with workers' compensation insurance law, reads: "An insurer shall not insure against the liability of the employer for the additional compensation recoverable for serious and willful misconduct of the employer or his agent. An insurer may, however, provide insurance against the expense of defending any suit for serious and willful misconduct against an employer or his agent." The liability which the District incurred came as a result of a finding by the Board that the District was guilty of "serious and willful misconduct of the employer or his agent." By law no insurance can be issued to indemnify the District for this liability.

The District argues the word "insurer" as used in section 11661 refers only to insurers who provide general workers' compensation coverage. We cannot accept that limitation. We believe instead the word can only mean insurers who seek to provide indemnity for liability under the workers' compensation law. The District's reliance on *Azevedo v. Abel,* 264 Cal.App.2d 451 [70 Cal.Rptr. 710], is misplaced. To be sure, the court makes a distinction between insurance under general liability and under workers' compensation law. *Azevedo* points out, however, the proscription against general liability policies providing indemnity for intentional torts (Ins. Code, § 533 and Civ. Code, § 1668) serves the same purpose of public policy as is served by Insurance Code section 11661 for workers' compensation coverage. That public policy, embraced by the three code sections, is a ban on insurance which tends to encourage willful injury (*Azevedo v. Abel, supra,* 264 Cal.App.2d 451, 458). We find nothing in that opinion nor in the law generally which authorizes a general liability insurer to enter the field of workers' compensation indemnity without conforming to the law applicable to the liability it seeks to indemnify (see *Renteria v. County of Orange,* 82 Cal.App.3d 833, 841 [147 Cal.Rptr. 447]).

The award here is clearly one issued under the workers' compensation law and, under Insurance Code section 11661, indemnity cannot be provided by an insurer.

Judgment reversed.

Brown (Gerald), P. J., and Buttermore, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.