202 Cal.App.3d 1184 (1988)
249 Cal. Rptr. 463
TRANSPORT INDEMNITY COMPANY, Plaintiff and Respondent,
v.
AEROJET GENERAL CORPORATION, Defendant and Appellant.
Docket No. C002974.
Court of Appeals of California, Third District.
July 20, 1988.
*1185 COUNSEL
Rogers, Joseph, O'Donnell & Quinn and Martin Quinn for Defendant and Appellant.
*1186 Porter, Scott, Weiberg & Delehant and Russ J. Wunderli for Plaintiff and Respondent.
OPINION
MARLER, J.
The sole issue before the court is whether an insurance company providing workers' compensation and employers' liability coverage has a duty to defend or indemnify an insured employer who is sued for allegedly aggravating an employee's injuries. The trial court decided there was no duty to defend or indemnify as a matter of law and granted the insurance company's motion for summary judgment. The insured employer appeals. We shall reverse.
In 1984 Aerojet General Corporation (Aerojet) was sued by Robert Andrade and George Landis, two former employees, for fraudulent concealment of the nature and extent of work-induced injuries, thereby aggravating those injuries. Landis later died, and his wife commenced a wrongful death action with similar allegations.
The lawsuits of Andrade and the Landises thus sought to avoid the exclusivity of workers' compensation remedies (Lab. Code, §§ 3601, 3602), by alleging actions under Johns-Manville Products Corp. v. Superior Court (1980) 27 Cal.3d 465 [165 Cal. Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758]. The California Supreme Court in Johns-Manville recognized an exception to workers' compensation remedies where an employer's fraudulent concealment aggravated an employee's injuries. (Id., at p. 469.) The Johns-Manville exception is codified in Labor Code section 3602, subdivision (b)(2).[1] (Foster v. Xerox Corp. (1985) 40 Cal.3d 306, 309 [219 Cal. Rptr. 485, 707 P.2d 858].)
Transport Indemnity Corporation (TIC), Aerojet's insurer under two workers' compensation and employers' liability policies, defended Aerojet *1187 in the underlying actions under a reservation of rights[2] and commenced this declaratory relief action to have its duty to defend or indemnify decided by the court.
TIC moved for summary judgment alleging the underlying suits were based on allegations of Aerojet's wilful acts and so were excluded from policy coverage by Insurance Code section 533, relieving TIC from any duty to defend or indemnify as a matter of law. (1) (See fn. 3.) Insurance Code section 533 (hereafter section 533) states, "[a]n insurer is not liable for a loss caused by the wilful act of the insured; ..."[3]
The court granted TIC's motion for summary judgment with the following statement: "Defendant AEROJET GENERAL CORPORATION has no potential liability under the three underlying complaints except for fraudulent concealment under the Johns-Manville theory of liability which, if found, would constitute a wilfull [sic] act under Insurance Code Section 533 as a matter of law." Aerojet appeals from the summary judgment in favor of TIC.

DISCUSSION
A motion for summary judgment must be granted if "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c); Pacific Architects Collaborative v. State of California (1979) 100 Cal. App.3d 110 [166 Cal. Rptr. 184].) (2) "The summary judgment procedure, inasmuch as it denies the right of the adverse party to a trial, is drastic and should be used with caution. (Eagle Oil & Ref. Co. v. Prentice (1942) 19 Cal.2d 553, 556 [122 P.2d 264].)" (Mann v. Cracchiolo (1985) 38 Cal.3d 18, 35 [210 Cal. Rptr. 762, 694 P.2d 1134].)
(3a) The issue we confront is whether, as a matter of law, an employer's aggravation of injuries by fraudulent concealment (Johns-Manville, supra, 27 Cal.3d 465; Lab. Code, § 3602, subd. (b)(2)) is necessarily a wilful act under section 533, thus precluding coverage. If allegations of an employer's aggravation of injuries by fraudulent concealment do not necessarily equate *1188 to allegations of a wilful act under section 533, there is a potential for insurance coverage in the underlying actions and there is a duty to defend. (Gray v. Zurich Insurance Co. (1966) 65 Cal.2d 263, 275-277 [54 Cal. Rptr. 104, 419 P.2d 168]; CNA Casualty of California v. Seaboard Surety Co. (1986) 176 Cal. App.3d 598, 605 [222 Cal. Rptr. 276]; Cal-Farm Ins. Co. v. TAC Exterminators, Inc. (1985) 172 Cal. App.3d 564, 580 [218 Cal. Rptr. 407]; Jaffe v. Cranford Ins. Co. (1985) 168 Cal. App.3d 930, 934, 936 [214 Cal. Rptr. 567]; State Farm Fire & Casualty Co. v. Drasin (1984) 152 Cal. App.3d 864, 867 [199 Cal. Rptr. 749].) (4) Any doubt whether a duty to defend exists must be resolved in favor of the insured. (CNA Casualty of California v. Seaboard Surety Co., supra, 176 Cal. App.3d at p. 607; citing Eichler Homes, Inc. v. Underwriters at Lloyd's, London (1965) 238 Cal. App.2d 532, 538 [47 Cal. Rptr. 843].)
(5) A "wilful act" as the term is used in section 533, is conduct "more blameworthy than the sort of misconduct involved in ordinary negligence, and something more than the mere intentional doing of an act constituting such negligence." (Russ-Field Corp. v. Underwriters at Lloyd's (1958) 164 Cal. App.2d 83, 96 [330 P.2d 432]; citations omitted.) Similarly, a wilful act within the meaning of section 533 is more than conduct amounting to conscious or reckless disregard of the safety of others. (Peterson v. Superior Court (1982) 31 Cal.3d 147, 158 [181 Cal. Rptr. 784, 642 P.2d 1305].) Indeed, the clear line of authority in this state is that even an act which is "intentional" or "wilful" within the meaning of traditional tort principles is not a "wilful act" under section 533 unless it is done with a "preconceived design to inflict injury." (Clemmer v. Hartford Insurance Co. (1978) 22 Cal.3d 865, 887 [151 Cal. Rptr. 285, 587 P.2d 1098]; California Shoppers, Inc. v. Royal Globe Ins. Co. (1985) 175 Cal. App.3d 1, 32 [221 Cal. Rptr. 171]; United States Fid. & Guar. Co. v. American Employer's Ins. Co. (1984) 159 Cal. App.3d 277, 285-286 [205 Cal. Rptr. 460].) "More specifically, as the court in Capachi v. Glens Falls Ins. Co. (1963) 215 Cal. App.2d Supp. 843, 849 [30 Cal. Rptr. 323], pointed out, `the word "wilful" as used in [§ 533] may be said to connote an act done with malevolence.' Other courts have suggested that the culpability contemplated within the term `wilful tort' as used in section 533 is synonymous with `malice in fact,' i.e., a wish to vex, annoy, or injure another person. (See, e.g., City Products Corp. v. Globe Indemnity Co. (1979) 88 Cal. App.3d 31, 36, fn. 3 [151 Cal. Rptr. 494].)" (California Shoppers, Inc. v. Royal Globe Ins. Co., supra, 175 Cal. App.3d at p. 32.)
(3b) Our question thus narrows to whether a Johns-Manville cause of action unavoidably includes a preconceived design to inflict injury or a malicious intent to injure. We conclude it does not.
*1189 In Johns-Manville the predominant issue before the Supreme Court was whether or not, under the workers' compensation law, "an employee is barred ... from prosecuting an action at law against his employer for the intentional torts of fraud and conspiracy in knowingly ordering the employee to work in an unsafe environment, concealing the risk from him, and, after the employee had contracted an industrial disease, deliberately failing to notify the state, the employee, or doctors retained to treat him, of the disease and its connection with the employment, thereby aggravating the consequences of the disease." (27 Cal.3d at p. 468.) To put the issue and the holding of the case more succinctly, the Johns-Manville majority stated, "We conclude that while the workers' compensation law bars the employee's action at law for his initial injury, a cause of action may exist for aggravation of the disease because of the employer's fraudulent concealment of the condition and its cause." (Id., at p. 469.)
In his search for a resolution of the issue, Justice Mosk analyzed earlier cases finding exceptions to the exclusive remedy of a workers' compensation proceeding for industrial injury.[4] He concluded, "While we do not purport to find in them a tidy and consistent rationale, we perceive in Magliulo, Meyer and Unruh, a trend toward allowing an action at law for injuries suffered in the employment if the employer acts deliberately for the purpose of injuring the employee or if the harm resulting from the intentional misconduct consists of aggravation of an initial work-related injury." (Johns-Manville, supra, 27 Cal.3d at p. 476; italics added.) Of the two types of exception, Johns-Manville was the latter. The former necessitates an intent to injure, the latter clearly does not.
Indeed, the only allegation regarding the employer's intent alleged by the plaintiff in Johns-Manville was not an intent to injure but the "intent to induce plaintiff to continue to work in a dangerous environment." (27 Cal.3d at p. 470.) The Supreme Court nevertheless found the employer's deliberate concealment of the existence of the employee's industrial injury and its connection with the employment with the intent to induce plaintiff to continue to work in a dangerous environment was sufficient basis for an action at law to recover damages for aggravation of the initial injury. (Id., at p. 478.)
The Supreme Court did not limit the right to bring an action to those cases where the intent to induce plaintiff to continue to work in a dangerous *1190 environment or where the intentional misconduct is motivated by a specific intent to injure. In fact, it is reasonable to speculate the intentional misconduct of Johns-Manville might actually be motivated by the employer's desire to avoid the cost of eliminating the danger to the employees, to avoid adverse media attention, or to prevent mass employee resignations, in other words  to profit, rather than to intentionally inflict injury on an ignorant employee.
We do not consider the Supreme Court's decisions in Foster v. Xerox Corp., supra, 40 Cal.3d 306 and Cole v. Fair Oaks Fire Protection Dist. (1987) 43 Cal.3d 148 [233 Cal. Rptr. 308, 729 P.2d 743] to compel a different conclusion.
In Foster v. Xerox Corp., supra, the Supreme Court concluded a plaintiff could state a cause of action under Johns-Manville, as codified by Labor Code section 3602, subdivision (b)(2), without alleging affirmative misrepresentations by the employer (40 Cal.3d at pp. 309-311), provided the plaintiff alleged the employer knew of the industrial injury and that work aggravated it and concealed that knowledge from the employee. (Id., at p. 312.) The court did not state a plaintiff must allege an intent to injure to state a cause of action for aggravation of industrial injuries by fraudulent concealment.
In Cole v. Fair Oaks Fire Protection Dist., supra, the Supreme Court considered whether an employee could maintain a civil action for intentional infliction of emotional distress against his employer and fellow employee when the conduct complained of caused total, permanent, mental and physical disability compensable under workers' compensation. The court concluded an employee's claim based on conduct normally occurring in the workplace is within the exclusive jurisdiction of the Workers' Compensation Appeals Board. (43 Cal.3d at p. 151.)
Both Cole and Foster rely on Johns-Manville. (Cole, supra, 43 Cal.3d at pp. 157-161; Foster, supra, 40 Cal.3d at pp. 310-311.) Neither repudiates the two exceptions to workers' compensation remedies identified by Johns-Manville, one of which requires an intent to injure and one of which does not.
TIC argues nevertheless a Johns-Manville cause of action requires a specific intent to injure the employee, citing Roberts v. Pup `N' Taco Driveup (1984) 160 Cal. App.3d 278, 283 [206 Cal. Rptr. 533], which in turn cites Williams v. International Paper Co. (1982) 129 Cal. App.3d 810, 818-819 [181 Cal. Rptr. 342]. These cases are, however, simply illustrative of the first type of exception mentioned in Johns-Manville, i.e., intentional misconduct *1191 requiring an intent to injure, and not the second type, i.e., fraudulent concealment resulting in aggravation of a prior injury.
The cause of action here is a properly pleaded cause of action under Johns-Manville and Labor Code section 3602, subdivision (b)(2) and does not involve a "preconceived design to inflict injury." Section 533 does not prohibit coverage, nor does TIC's policy itself. TIC, therefore, has an obligation to defend Aerojet. The trial court erred in granting summary judgment for TIC on the basis of section 533.
In its motion for summary judgment TIC also asserted summary judgment should be granted because exclusion (e) of the insurance policy limits coverage to claims or suits brought within three years of the end of the policy and the time limit was not met here. The trial court's order granting summary judgment does not mention exclusion (e). The parties have not briefed on appeal the applicability of exclusion (e). We shall, therefore, reverse and remand this matter to the trial court for further consideration consistent with this opinion.

DISPOSITION
The judgment is reversed and the case remanded to the superior court for further proceedings consistent with this opinion.
Sparks, J., concurred.
EVANS, Acting P.J.
I respectfully dissent.
I view the factual treatment of the case by the majority as a semantic manipulation to avoid classification of Aerojet's actions as willful.
I agree with the majority that the intent necessary for a Johns-Manville[1] type cause of action must be more than an intent to do an action which results in injury. The intent necessary for insurance coverage exclusion of a Johns-Manville cause of action must be a preconceived intent to injure.
A Labor Code section 3602, subdivision (b)(2), Johns-Manville cause of action requires the employer to have known of the injury (McDonald v. Superior Court (1986) 180 Cal. App.3d 297, 301 [225 Cal. Rptr. 394]; Foster v. Xerox Corp. (1985) 40 Cal.3d 306, 312 [219 Cal. Rptr. 485, 707 P.2d 858]) *1192 and concealed the employment source and existence of the injury (Barth v. Firestone Tire and Rubber Co. (N.D. Cal. 1987) 661 F. Supp. 193, 202-203; Foster v. Xerox Corp., supra, at p. 312). The cause of action thus requires the employer to act "`with the specific intent to injure'" the employee. (Roberts v. Pup `N' Taco Driveup (1984) 160 Cal. App.3d 278, 283 [206 Cal. Rptr. 533], citing Williams v. International Paper Co. (1982) 129 Cal. App.3d 810, 818-819 [181 Cal. Rptr. 342].) Actions which aggravate a known existing injury by concealment are more than intentional actions with unintended results.
In Cole v. Fair Oaks Fire Protection Dist. (1987) 43 Cal.3d 148 [233 Cal. Rptr. 308, 729 P.2d 743], the California Supreme Court did not disavow the rationale and reasoning of Johns-Manville and Labor Code section 3602, subdivision (b)(2), which contained a requirement of intent to injure, when it decided against allowing an action for intentional infliction of emotional distress against an employer as an exception to workers' compensation. The court merely disallowed the claim, stating, "[t]o permit liability where the employer did not specifically intend to cause distress but his misconduct reflected a reckless disregard of the probability of injury would be contrary to Johns-Manville." (P. 159.)
In Cole, the court concluded that when an employee attributes to his employer misconduct which is a normal part of the employment relationship, such as demotions, criticism of work practices, frictions in negotiations, etc., and which result in the employee's suffering of emotional distress causing disability, the employee may not avoid the exclusive remedy of the Labor Code by characterizing the employer's conduct simply as outrageous or manifestly unfair or intending to cause disability.
The court simply described the facts of Cole as inapposite to the circumstances of Johns-Manville and the provisions of Labor Code section 3602, subdivision (b)(2). By distinguishing the intentional infliction of emotional distress claim, the court indicated Johns-Manville and Labor Code 3602, subdivision (b)(2), require a specific intent to injure. Because Labor Code section 3602, subdivision (b)(2), requires an employer to have and conceal knowledge from the employee with the intent to injure the employee, it requires the same intent for which Insurance Code section 533 precludes insurance coverage, "preconceived design to inflict injury."
In State Farm Fire & Casualty Co. v. Drasin (1984) 152 Cal. App.3d 864 [199 Cal. Rptr. 749], the court held that when the basis of an action tendered for defense and/or indemnity is not possibly covered under the facts and theories in the underlying action, the insurance carrier has no obligation *1193 to defend such a proceeding. (Id., at pp. 868-869.) I believe such is the case in this instance.
In the underlying action, the only causes of action alleged against Aerojet were predicated on the Johns-Manville decision involving fraudulent concealment of work-incurred injury and Labor Code section 3602. My examination of the complaint fails to disclose any facts alleged which would support any other cause of action under which the insurance company could be liable to defend and indemnify. (CNA Casualty of California v. Seaboard Surety Co. (1986) 176 Cal. App.3d 598, 604, 606, 610 [222 Cal. Rptr. 276].) In viewing the allegations, I accepted as true all allegations contained in the underlying complaint. (Cal-Farm Ins. Co. v. TAC Exterminators, Inc. (1985) 172 Cal. App.3d 564, 572 [218 Cal. Rptr. 407], citing Underwriters Ins. Co. v. Purdie (1983) 145 Cal. App.3d 57, 64 [193 Cal. Rptr. 248].)
In this instance, the only facts asserting any liability on the part of the employer are those embraced in the Johns-Manville type causes of action and the provisions of Labor Code section 3602, subdivision (b)(2), that is, fraudulent concealment of work-induced injuries. Those facts which are alleged in this case and are as described in the Johns-Manville cause of action cannot support any other cause of action which the policy could potentially cover. As Labor Code section 3602 states, "[w]here the conditions of compensation set forth in Section 3600 [the workers' compensation section] concur, the right to recover such compensation is, except as specifically provided in this section [for a physical assault by the employer, aggravation of the employee's injuries as in this case, or a defective product manufactured by the employer] and Sections 3706 [where the employer fails to secure payment of compensation] and 4558 [for removal or noninstallation of power press guards], the sole and exclusive remedy of the employee or his or her dependents against the employer, ..."
I would conclude that under circumstances in which the only alleged potential basis for liability is predicated upon fraudulent concealment of the existence of injury as defined in Labor Code section 3602, subdivision (b)(2), there can be no basis for indemnity or duty to defend by the insurance carrier. (State Farm v. Drasin, supra, 152 Cal. App.3d at pp. 868, 869.)
Here there is an absence of any allegations of employer assaults, defective products, failure to secure payment of compensation, or any failure to maintain properly maintained work areas; no facts of any kind support any exception to the workers' compensation claim other than the aggravation of injuries, the nature and cause of which was fraudulently concealed from the *1194 employee; as a consequence, the insurance carrier has no duty, as a matter of law, to defend or indemnify Aerojet.
I view the majority conclusion, that a fraudulent concealment does not necessarily equal a preconceived design to inflict injury that would involve section 533 of the Insurance Code, as judicial prestidigitation.
I would conclude that since Aerojet General Corporation had no potential liability under the allegations of the complaint except for fraudulent concealment under the Johns-Manville theory of liability, the action complained of would constitute a willful act under Insurance Code section 533 as a matter of law.
I would affirm the judgment.
A petition for a rehearing was denied August 8, 1988. Evans, Acting P.J., was of the opinion that the petition should be granted. Respondent's petition for review by the Supreme Court was denied October 13, 1988. Kaufman, J., was of the opinion that the petition should be granted.
NOTES
[1] Labor Code section 3602 states in pertinent part: "(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer.... [¶] (b) An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances: ... [¶] (2) Where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation. The burden of proof respecting apportionment of damages between the injury and any subsequent aggravation thereof is upon the employer."
[2] The parties assert that Andrade's suit was dismissed, although the record does not independently verify this. Also, there is no indication if the wrongful death action has been completed or resolved.
[3] TIC's policies do not contain any express exclusion of coverage for wilful acts. However, section 533, which excludes insurer liability for wilful acts of the insured, is an implied provision of exclusion in every insurance contract. (Allstate Ins. Co. v. Overton (1984) 160 Cal. App.3d 843, 849 [206 Cal. Rptr. 823].)
[4] These cases are: Unruh v. Truck Insurance Exchange (1972) 7 Cal.3d 616 [102 Cal. Rptr. 815, 498 P.2d 1063]; Magliulo v. Superior Court (1975) 47 Cal. App.3d 760 [121 Cal. Rptr. 621]; Meyer v. Graphic Arts International Union (1978) 88 Cal. App.3d 176 [151 Cal. Rptr. 597]; Azevedo v. Abel (1968) 264 Cal. App.2d 451 [70 Cal. Rptr. 710]; and Ramey v. General Petroleum Corp. (1959) 173 Cal. App.2d 386 [343 P.2d 787].)
[1] Johns-Manville Products Corp. v. Superior Court (1980) 27 Cal.3d 465 [165 Cal. Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758].