[Civ. No. 69354. Second Dist., Div. Five. Mar. 7, 1984.]

STATE FARM FIRE AND CASUALTY COMPANY,
Plaintiff and Respondent, v.
LAWRENCE DRASIN et al., Defendants and Appellants.

**COUNSEL**

Kessler & Drasin and Timothy P. McNulty for Defendants and Appellants.

Belcher, Henzie, Biegenzahn, Chertok & Walker and Mark D. Wenzel for Plaintiff and Respondent.

## OPINION

**STEPHENS, J.**—This is an appeal from the granting of a summary judgment entered in favor of plaintiff/respondent State Farm Fire and Casualty Company (hereafter State Farm), and against defendants/appellants Lawrence Drasin and Marlene Drasin (hereafter the Drasins) in a declaratory relief action. The effect of the judgment is an order declaring that State Farm has no duty to defend or indemnify appellants in a presently pending malicious prosecution action filed against the Drasins, entitled Lyman Covell v. Lawrence Drasin et al.

The Drasins entered into a limited partnership agreement with Lyman Covell (hereafter Covell), the general partner, to acquire mining leases in El Dorado County, California. The purpose of acquiring the mining leases was to enjoy the production of income, profits and write-offs incidental to the mining operations. Shortly thereafter, a dispute arose between various limited partners, the Drasins and Covell resulting in the filing of a civil action by the Drasins and others against Covell. In this action, it was alleged that various misdeeds by Covell and others respecting the subject of the limited partnership agreement resulted. Relief in the form of rescission of the limited partnership agreement, restitution of investments, accounting, and dissolution of the partnership was sought. Judgment, however, was obtained in favor of Covell. Subsequently, Covell instituted an action for malicious prosecution against the Drasins.

For defense of this matter, the Drasins submitted the action to their homeowner's insurance carrier, State Farm. State Farm conditionally accepted the Drasins' defense request subject to a reservation of rights. In the letter announcing State Farm's reservation of rights, the Drasins were informed that certain exclusions in the policy[1] possibly negated coverage for defense

---

[1]Section II of the homeowner's insurance policy under coverage E, personal liability, provides:

"This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, *to which this insurance applies,* caused by an occurrence." (Italics ours.)

The intentional acts exclusion and business pursuit exclusion clauses provide:

"Section 2, Exclusions, Coverage E, Personal Liability and Coverage F, Medical Payments to Others do not apply:

". . . . . . . . . . . . . . . . . . . . . . .

"(d) To bodily injury or property damage arising out of any business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits; (Business Pursuit Exclusion.)

". . . . . . . . . . . . . . . . . . . . .

"(f) To bodily injury or property damage which is either expected or intended from the standpoint of the insured. (Intentional Acts Exclusion.)"

and indemnity of the lawsuit brought by Covell. State Farm then filed an action for declaratory relief.

At a later date, State Farm filed a motion for summary judgment, seeking a judgment and order from the court on the action for declaratory relief. In granting State Farm's requested summary judgment, the court determined that State Farm was under no duty to defend or indemnify its insured against the presently pending malicious prosecution action brought by Covell. This appeal followed.

The Drasins contend that an issue of material fact exists as to whether the acts involved in the malicious prosecution action fall within the definition of "occurrences" and that the court therefore erred in granting summary judgment. The instant policy, they argue, defines "occurrence" as "an accident, including injurious exposure to conditions which result . . . in bodily injury or property damage." Since the policy does not define the term "accident," "accident," as judicially defined, is a casualty—something out of the usual course of events and which happens suddenly and unexpectedly and without design of the person injured *including any event which takes place without the foresight or expectation of the person acted upon or affected by the event.* (See *Maples* v. *Aetna Cas. & Surety Co.* (1978) 83 Cal.App.3d 641, 649 [148 Cal.Rptr. 80].) Therefore, the Drasins come to the "logical deduction" that, based upon the foregoing definition, an issue of fact exists as to what the term "occurrence" means and whether the occurrence alleged in the malicious prosecution action is afforded coverage under the State Farm policy. We do not subscribe to such logic.

 This case is controlled by *Maxon* v. *Security Ins. Co.* (1963) 214 Cal.App.2d 603 [29 Cal.Rptr. 586]. In *Maxon,* the court held that the insurance company was not liable under its personal liability policy for the cost of defending a malicious prosecution action brought against its insured. This holding was reached despite the fact that the court found the insured's actions were in good faith and nonmalicious. The court concluded that to recover for malicious prosecution there must be a finding of malice.[2] Accordingly, since there is no civil liability for the negligent but good faith prosecution of an action, there is no potential for a recovery under the policy. Thus, no potential recovery of damages covered by the policy exists and there is no obligation to defend. (*Id.*, at p. 617.) The court in *Maxon* goes on to indicate that not only is there no obligation to defend, but also no obligation to indemnify an insured on an action for malicious

---

[2]The elements of malicious prosecution being: A judicial proceeding favorably terminated; want of probable cause; and malice. (*Maxon* v. *Security Ins. Co., supra,* 214 Cal.App.2d at p. 613.)

prosecution.. "[T]he respondent insurer cannot under the public policy of this state indemnify the insured against liability for his own willful wrong. That policy is a part of every insurance contract and is expressed in section 533 of the Insurance Code, . . ."[3] (*Maxon* v. *Security Ins. Co.,* *supra,* 214 Cal.App.2d at p. 615; see also Civ. Code, § 1668.[4]) ■ The term "wilful act" as used in Insurance Code section 533 means "something more blameworthy than the sort of misconduct involved in ordinary negligence, and something more than the mere intentional doing of an act constituting such negligence." (*Russ-Field Corp.* v. *Underwriters at Lloyd's* (1958) 164 Cal.App.2d 83, 96 [330 P.2d 432].) "The tort of malicious prosecution connotes something more blameworthy than an act of negligence. . . . The chief element of a cause of action for malicious prosecution is malice. To constitute malice there must be a motive or purpose, and it must be an improper one. . . . Malice imports willfulness; and, accordingly, . . . is a 'willful act' within the meaning of [Insurance Code] section 533." (*Maxon* v. *Security Ins. Co.,* *supra,* 214 Cal.App.2d at pp. 615-616.)

The Drasins' arguments relating to State Farm's duty to defend are very similar to those of the appellant insured in the *Maxon* case. In *Maxon,* the appellant contended that ". . . while the respondent insurance company may not be required to indemnify for the damages assessed in a malicious prosecution action, it is, nevertheless, required to *defend* such an action. The argument is made by the appellant that [Insurance Code] section 533 merely states that the insurer is not liable *for a loss* caused by the willful act, but that it does not state that the insurer is not obligated to defend an action which is founded on a willful act. The gist of the argument is that the willfulness of the act cannot be determined until the action is tried and a determination made with respect thereto." (P. 616; italics in original.)

■ The malicious prosecution complaint filed against the Drasins does not potentially seek damages that come within the coverage of the subject policy. If the Drasins' original action against Covell is held to be without malice and therefore not wilful, then there is no liability under the policy. Similarly, if the Drasins' original action against Covell is held to be wilful and with malice, again there is no liability under the policy. (See Ins. Code, § 533.) "*The obligation to defend is predicated upon liability for a loss covered by the policy.*" (*Maxon* v. *Security Ins. Co.,* *supra,* 214 Cal.App.2d at p. 616; italics added.) Therefore, since State Farm could not

---

[3]Section 533 of the Insurance Code provides: "An insurer is not liable for a loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured or the insured's agents or others."

[4]Civil Code section 1668 provides: "All contracts which have for their object, directly or indirectly, to exempt anyone . . . for his . . . willful injury to the person or property of another . . . are against the policy of the law."

be liable under the policy for damages predicated upon the tort of prosecution, it is not obligated to defend such an action.

The Drasins cite *Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263 [54 Cal.Rptr. 104, 419 P.2d 168] in support of their argument that they are entitled to a defense in their malicious prosecution action. They contend that, as set forth in *Gray,* an insurance company must look beyond the four corners of a third party complaint against the insured and show facts in its possession which would indicate that there is no potential for liability under the policy.

In *Gray,* the California Supreme Court held that an insurer's duty to defend litigation brought against its insured is broader than its duty to indemnify. It stated that the insurer "must defend a suit which *potentially* seeks damages within the coverage of the policy . . . ." (*Id.,* at p. 275; italics in original.) However, this duty to defend is measured by the nature and kind of risks covered by the policy. (*Id.*) It further stated: "[t]he insurer need not defend if the third party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage. Hence *the obligation to defend does not mature . . . if the nature of the alleged intentional tort compels a finding of intentional wrongdoing such as malicious prosecution."* (*Id.,* at p. 276, fn. 15, citing *Maxon* v. *Security Ins. Co., supra,* 214 Cal.App.2d 603; italics added.)

We fail to see how *Gray* supports the Drasins' arguments. They contend that State Farm has to establish facts showing that its insured's conduct *compels* a finding of intentional wrongdoing. On the contrary, the carrier need only show that *the nature of the alleged tort* has an element of intentional wrongdoing to satisfy its burden. State Farm has satisfied its burden by showing the alleged action is for malicious prosecution.

 Next, the Drasins argue that issues of fact exist as to whether their action falls within the business pursuit exclusion to coverage under the policy. State Farm contends that the Drasins' partnership activities are considered business pursuits and as such do not fall under the coverage of the policy. The Drasins contend that the partnership activities are not business pursuits because Lawrence Drasin's occupation is that of an attorney and his involvement in the partnership activities is not in his capacity as an attorney. The policy defines business as "a trade, profession, or occupation . . . ." We agree that Lawrence Drasin's partnership activities do not relate to his profession as an attorney. However, the policy says "*trade,* profession *or occupation."* The California Supreme Court has defined "trade" as any business carried on for the purpose of *profit or gain or livelihood. (City of Los Angeles* v. *Rancho Homes, Inc.* (1953) 40 Cal.2d 764, 767 [256 P.2d

305], quoting *Babcock* v. *Laidlaw,* 113 N.J.Eq. 318, 321 [166 A. 632].) It has defined "occupation" as "an extremely broad term sufficient to include any business, trade, profession, pursuit, vocation, or calling." (*City of Los Angeles* v. *Rancho Homes, Inc., supra,* 40 Cal.2d at p. 767, quoting *State* v. *Van Daalan,* 69 S.D. 466, 474 [11 N.W.2d 523].)

We find no California case law directly analogous to the facts in the present case. Therefore, we turn to alternative authorities. In his treatise on insurance law, Appleman indicates that applicability of the business pursuit exclusion turns on the motivation for the pursuit. He contends the presence of the profit motive carries considerable weight, and that the business engaged in need not be the sole occupation. Part-time business activities are also included under business pursuits exclusions. (7A Appleman, Insurance Law and Practice (1979) § 4501.10.)

Other jurisdictions have defined a business pursuit as a regular activity engaged in for the purpose of earning a profit. This includes part-time or supplemental income projects. (See *Shapiro* v. *Glen Falls Insurance Co.* (1975) 47 App.Div.2d 856 [365 N.Y.S.2d 892, 893]; *State Farm Fire & Cas. Co.* v. *Moore* (1981) 102 Ill.App.3d 250 [430 N.E.2d 641, 643]; *Gaynor* v. *Williams* (Fla.App. 1979) 366 So.2d 1243; *Krings* v. *Safeco Ins. Co. of America* (1981) 6 Kan.App.2d 391 [628 P.2d 1071, 1074].) "Business," as defined in Revenue and Taxation Code section 6013, "includes any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect." The central theme being espoused by said authorities is regular activity with the motivation for profit or gain. The Drasins, as stated in their own words, are engaged in the partnership for profit and had been engaged in such partnership for more than a year. As such, they were engaged in a business pursuit. Therefore, the business pursuit exclusionary clause applies.

Finally, the Drasins assert that their mental state is in issue. This point is irrelevant and devoid of merit. The judgment is affirmed.

Feinerman, P. J., and Ashby, J., concurred.