**ALLSTATE INSURANCE COMPANY, et al., Plaintiffs,**

v.

**Floyd TALBOT, et al., Defendants.**

**No. C–87–20459–RPA.**

United States District Court,
N.D. California.

July 28, 1988.

Alexander & Bohn, San Jose, Cal., Sonneschein Carlin Nath & Rosenthal, San Francisco, Cal., for plaintiffs.

The Boccardo Law Firm, San Jose, Cal., Floyd Talbot, San Luis Obispo, Cal., for defendants.

## CORRECTED ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

AGUILAR, District Judge.

## I. INTRODUCTION:

The Court has before it plaintiff's motion for summary judgment and declaration that Allstate Insurance Company has no duty to defend or indemnify Floyd Talbot with respect to the lawsuit filed against him by Jane Doe, et al. in state court. The Court has received, read and considered all the papers submitted on the matter and in addition has heard the argument of counsel. Good cause appearing therefor, the Court HEREBY GRANTS the motion for the reasons set out below.

## II. FACTUAL BACKGROUND:

The parties stipulated to the fact that for six months, between July 1, 1984 to December 31, 1984, Floyd Talbot sexually molested Jane Doe, an eight year old child, in his home. On May 2, 1985, Talbot pled *nolo contendere* to one felony violation of California Penal Code § 288(a). In Mr. Talbot's submitted statements to the court, he admitted to the sexual molestation of his daughter's young friend.

"I am guilty of sexually molesting my own daughter and her playmate. I realize that what I did was terribly wrong and I have caused much suffering. I have caused a lot of damage. I made a wrong choice and am responsible for what I did."

In other written and verbal admissions, Mr. Talbot described the incidents or acknowledged the accusations that he exposed himself to the child, touched the child and had the child touch his "private parts." He felt that he could not pinpoint the cause of the sexually deviant behavior, but felt that his own history of having been sexually abused as a child and ongoing economic difficulties, "influenced" the behavior.

On September 5, 1985, Jane Doe and her parents filed a civil lawsuit against Floyd Talbot. The lawsuit alleges that Floyd Talbot "willfully, intentionally and recklessly assaulted, struck and sexually molested" Jane Doe. The plaintiffs also allege that Floyd Talbot "by reason of mental incapacity, negligently and carelessly assaulted and sexually molested" Jane Doe. The Does seek punitive and compensatory damages against Floyd Talbot.

Counsel for the Does, Richard Alexander, wrote Mr. Talbot a letter advising him to answer by way of admission that he was negligent and suffered from a mental incapacity. Mr. Alexander advised Talbot that such a response would trigger coverage for the tort under Talbot's homeowner's insurance policy. Mr. Alexander then referred

Mr. Talbot to psychiatrist Dr. James Missett. Dr. Missett has submitted a declaration stating that in his professional opinion, Mr. Talbot was not operating out of a preconceived design in his molestation activities. The doctor concluded that while "Mr. Talbot was not insane, he lacked the mental capacity to govern his conduct according to reason."

Mr. Talbot carried a condominium owner's insurance policy with Allstate Insurance during the time in which he molested Jane Doe in his home. Under the coverage of "family liability protection", Allstate's liability extends to "any accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage ..." In addition, the policy carries the following relevant exclusion:

1. We do not cover any bodily injury ... which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person.

Allstate Insurance Company filed this suit for declaratory relief as to their responsibilities under the insurance contract. It now seeks summary adjudication that the homeowner's insurance policy does not cover Mr. Talbot's sexual molestation of Jane Doe for the three separate and independent reasons that the molestation was not an accident, it was criminal activity, and it is against public policy to indemnify for sexual molestation. Allstate also seeks summary adjudication that it is not required to indemnify for punitive damages.

III. DISCUSSION:

*A. Punitive Damages.*

■ Punitive damages are designed to punish the wrongdoer, not to reward the victim. Accordingly, an insurance company may not provide coverage for punitive damages under California law. *Peterson v. Superior Ct.*, 31 Cal.3d 147, 158, 181 Cal.Rptr. 784, 642 P.2d 1305 (1982); *Calif. State Auto Assn. v. Carter*, 164 Cal.App.3d 257, 261–62, 210 Cal.Rptr. 140 (1985).

*B. The Sexual Molestation Was Not An Accidental Loss*

■ An insured bears the burden of proving that the covered claim falls within the scope of the policy. *Royal Globe Ins. C. v. Whitaker*, 181 Cal.App.3d 532, 226 Cal.Rptr. 435 (1986). In this case, Allstate effectively argues that the acts complained of do not constitute an accident under the terms of the policy. Allstate contends that Talbot did not purchase coverage for acts of child molestation when he bought his homeowners insurance policy from Allstate. The insurance contract, by its nature, is a contract in which one undertakes to indemnify another against damage arising from a "contingent or unknown event." *California Insurance Code*, § 22; *Fraser–Yamor Inc. v. Del Norte County* 68 Cal. App.3d 201, 137 Cal.Rptr. 118 (1977).

The Court agrees with Allstate's reasoning. Indeed, common sense buttresses court rulings that the repeated fondling and kissing of the private parts of a child over a six month period does not constitute an accident.

*State Farm Fire & Cas. Co. v. Drasin*, 152 Cal.App.3d 864, 199 Cal.Rptr. 749 (1984) in excluding a claim for malicious prosecution from the policy coverage, discussed an "accident as judicially defined [as] a casualty—something out of the usual course of events which happens suddenly and unexpectedly ..." An accidental event arises from extrinsic causes, occurring unexpectedly or through carelessness. *St. Paul Fire & Marine Ins. Co. v. Superior Court*, 161 Cal.App.3d 1199, 1202, 208 Cal. Rptr. 5 (1984).

Although the Court was unable to find published California cases which directly discussed whether or not sexual molestation could ever be defined as an accident, other jurisdictions have addressed this point and found that sexual molestation, by its nature is not 'accidental', but purposeful. *See Western Nat. Assur. Co. v. Hecker*, 43 Wash.App. 816, 719 P.2d 954, 958 (1986). In other contexts, the legislature and courts have described sexual molestation and abuse as something that can not be explained as an accident. Thus, profes-

sionals who come into contact with children who show symptoms of child abuse are required to investigate to determine that a vaginal wound or cuts and bruises are the result of abuse and not an accident. *See Krikorian v. Barry,* 196 Cal.App.3d 1211, 242 Cal.Rptr. 312 (1987). Sexual molestation of a young child connotes the opposite of what a person would reasonably describe as accidental. The fact that the molestation occurred repeatedly and over a significant stretch of time belies any notion that it was unforseen, sudden or unexpected. Talbot did not admit to accidentally exposing himself to the child upon stepping out of a shower, or because his shorts slipped in the pool, or because of some unforseen event. Rather he recognizes that he molested the child because he was close to her and he recognizes that it was an 'evil' thing to do, which he did repeatedly. Although the molester in this case has raised the defense that the conduct, by virtue of mental incapacity, may not have been intentional, he has not completely strained his credibility with an assertion that the conduct was 'accidental.' On the other hand, Talbot's failure to raise any material facts which would show that the sexual molestation was an accident, evidences his failure to meet his burden of showing that the claims fall within the policy coverage.

Because Allstate has shown that the injury complained of is not covered under the terms of the policy and since Talbot has failed to make any rebuttal showing that the acts were accidental, summary judgment on the basis that there is no accident which would be covered under the policy is proper. As a matter of law, no reasonable jury could find that the extended sexual molestation constitutes an accident under the terms of the policy.

### C. The Criminal Act Exclusion

■ "[D]amages which may reasonably be expected to result from the ... criminal acts of an insured person" are excluded under the terms of the insurance contract. Allstate has the burden of showing that the exclusion applies in this instance. The Court finds that Allstate has met its bur-

den. Additionally, Mr. Talbot has not rebutted the showing of criminal activity with evidence which would raise an issue of material fact.

Mr. Talbot was convicted of violating Penal Code § 288(a) after pleading *nolo contendere* to the charges. Section 288(a) makes it a felony

> "for any person to willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part of member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires of such person or such child ..."

■ Mr. Talbot admitted to having engaged in the proscribed conduct constituting the criminal activity. Resolution of the question of whether the damages can reasonably be expected to result from the criminal activity does not depend on whether or not the insured intended the damages. Instead the language of the insurance contract requires an analysis of the type of criminal conduct and what damages would reasonably flow from that conduct.

In making this determination, the Court draws on the overwhelming condemnation of the courts and the Legislature of this type of activity precisely because of the psychological and physical harm which inevitably results to a molested child. "Significant harm may occur to a child who is caused to engage in or submit to the lustful intendment of a person seeking sexual self-gratification. The harm may be manifested in many different mental, emotional and physical ways, leaving a child with possible lasting and debilitating fears." *People v. Austin,* 111 Cal.App.3d 110, 114–115, 168 Cal.Rptr. 401 (1980) Acts of child molestation are classified under the Penal Code as "violent by virtue of the extreme psychological or emotional harm caused by their commission." *People v. Stephenson,* 160 Cal.App.3d 7, 10, 206 Cal.Rptr. 444 (1984). "Section 288 is intended not just to punish individuals for violating the moral

standards of the community, but also to protect infants and children from lewd and lascivious assaults. Implicit in the determination that children must be protected from such acts is a determination that at least some harm is inherent in and inevitably results from those acts." *Allstate Ins. Co. v. Kim. W.*, 160 Cal.App.3d 326, 333, 206 Cal.Rptr. 609 (1984). Mr. Talbot himself recognized that he had caused great harm by sexually molesting the young child.

Accordingly, the Court finds that the acts admitted to in the stipulation of non-disputed facts constitute criminal activity which would reasonably result in damage to the victim. As a matter of law, the criminal exclusion applies to the facts of this case, no reasonable jury could find that these acts did not constitute criminal activity. The criminal act exclusion provides an independent basis for summary judgment in favor of plaintiffs.

### D. California Insurance Code Section 533

█ California Insurance Code Section 533 provides that "an insurer is not liable for a loss caused by the willful act of the insured ..." Section 533 is considered an equivalent to an exclusionary clause in every insurance contract. *Evans v. Pacific Indemnity Co.*, 49 Cal.App.3d 537, 122 Cal. Rptr. 680 (1975).

Defendants argue that Talbot's conviction of a violation of § 288(a) does not establish an "intentional" act for purposes of § 533. Such a position was expressly rejected in the case of *Allstate Ins. Co. v. Kim W. supra.* Therein, the California Court of Appeal held that the an act which is in violation of Penal Code § 288 is a willful act within the meaning of § 533. It is noteworthy that the molester, Korte, was convicted of violating § 288 on counts which did not involve the molestation of Kim W. The court found that the actual conviction irrelevant since Korte had admitted to engaging in the proscribed conduct.

In this case, defendants argue that the submission of the psychiatrist's report puts Talbot's intent to harm the victim at issue.

They rely on the case of *Congregation of Rodef Shalom v. Am. Motorist Ins. Co.*, 91 Cal.App.3d 690, 697, 154 Cal.Rptr. 348 (1979) for the proposition that a criminal conviction cannot be used as an inference that conduct constituted an intentional act under the terms of an insurance policy. In that case, evidence that the insured had a mental incapacity to form the requisite intent to harm precluded summary judgment. That case is distinguished because it refers solely to the intentional exclusion as contained within an insurance contract and not § 533. Allstate has deliberately not sought summary judgment on the basis of the insurance contract's exclusionary clause.

Other California cases, however, have held that even an act which is "intentional" or "willful" within the meaning of traditional tort principles will not exonerate the insurer from liability under Insurance Code section 533 unless it is done with a preconceived design to inflict injury." *California Shoppers Inc. v. Royal Globe Ins. Co.*, 175 Cal.App.3d 1, 32, 221 Cal.Rptr. 171 (1985), *quoting Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865, 887 151 Cal.Rptr. 285, 587 P.2d 1098 (1978). As this Court has previously discussed, such an approach effectively injects a malice factor into the term 'intentional' when that term arises in the intentional act insurance exclusion context, thereby distorting the clarity of the language and the law. Nevertheless, in child molestation cases such as this one, the nature of the offense carries with it the specific intent to injure. Implicit in the conviction of Penal Code § 288(a) and the admissions as submitted to the court is the conclusion that the defendant acted with the specific intent to injure—for child molestation is inherently injurious.

Indemnity for acts which constitute a violation of Penal Code § 288(a) is precluded under California Insurance Code § 533. Plaintiff has met its burden of showing that no material facts are in dispute and as a matter of law summary judgment is proper.

### IV. CONCLUSION

Talbot's repeated sexual molestation of Jane Doe fails to constitute an "accidental

loss" within the meaning of the homeowner's insurance policy. In addition, Talbot admitted to engaging in the acts of lascivious conduct and sexual molestation as proscribed under Penal Code § 288(a). These acts constitute criminal conduct and are excluded from coverage under the explicit terms of the policy. Additionally, public policy precludes the extension of insurance liability to willful acts.

Accordingly, the Court HEREBY GRANTS summary judgment against defendants and in favor of plaintiff.

Allstate has no obligation to defend or indemnify Floyd Talbot with respect to the lawsuit brought against him by Jane Doe, Mary Doe and Robert Doe entitled *Jane Doe, a minor by and through her Guardian ad Litem, Mary Doe; Mary Doe, individually; and Robert Doe v. Floyd Roe Arlene Roe and Does 1 through 100 inclusive*, Santa Clara County Superior Court No. 583572.

IT IS SO ORDERED.