**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY, | No. 22-55032 |
| Plaintiff-Appellant, | DC No. 2:21-cv-04208-AB |
| v. | MEMORANDUM* |
| MILLER BARONDESS, LLP; LOUIS R. MILLER; JAMES GOLDMAN; ALEXANDER FRID; JASON TOKORO, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted February 13, 2023
Pasadena, California

Before:     TASHIMA, HURWITZ, and BADE, Circuit Judges.

Aspen Specialty Insurance Company appeals from the district court order

dismissing under Federal Rule of Civil Procedure 12(b)(6) its complaint against

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Miller Barondess, LLP, and several of its partners (collectively "MB").[1]  We have

jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

Under California law, "[a]n insurer is not liable for a loss caused by the

wilful act of the insured."  Cal. Ins. Code § 533.  "The public policy underlying

section 533 is to prevent encouragement of wilful torts.  Section 533 is 'a

codification of the jurisprudential maxim that no man shall profit from his own

wrong.'"  *Am. States Ins. Co. v. Borbor*, 826 F.2d 888, 894 (9th Cir. 1987)

(quoting *Don Burton, Inc. v. Aetna Life & Cas. Co.*, 575 F.2d 702, 705 (9th Cir.

1978)).  "It is an implied exclusionary clause which, by statute, must be read into

all insurance policies.  As a result, the parties to an insurance policy cannot

contract for such coverage."  *Downey Venture v. LMI Ins. Co.*, 78 Cal. Rptr. 2d

142, 154 (Ct. App. 1998).

The district court erred in concluding that § 533 did not apply because there

was no final adjudication that the insureds engaged in malicious prosecution.[2]  In

*Downey*, the California Court of Appeal concluded that § 533 precluded

indemnification for the underlying malicious prosecution action, even though, like

---

[1]  The named partners are Louis R. Miller, James Goldman, Alexander Frid, and Jason Tokoro.

[2]  Because the parties are familiar with the factual and procedural background, we do not set it forth except as necessary to understand this disposition.

here, the matter had been settled without a final adjudication. *Id.* at 159. *Downey* relied solely on the allegation of malicious prosecution in the underlying complaint and did not consider whether there had been an adjudication of that alleged claim. Other California precedent confirms that courts examine the allegations of the underlying complaint, not whether there has been an adjudication of the allegations, in determining whether § 533 bars coverage. *See also*, *e.g.*, *Marie Y. v. Gen. Star Indem. Co.*, 2 Cal. Rptr. 3d 135, 153–54 (Ct. App. 2003) (because "sexually molesting a dental patient after rendering her unable to resist by giving her nitrous oxide is a 'wilful act' under section 533," and "this is the precise conduct originally alleged against [the insured], the original complaint on its face demonstrates that section 533 bars coverage for his conduct"); *Cal. Amplifier, Inc. v. RLI Ins. Co.*, 113 Cal. Rptr. 2d 915, 919–20 (Ct. App. 2001) (where insureds settled lawsuit alleging that they engaged in stock manipulation in violation of California Corporations Code § 25500, holding that insurance "coverage is precluded by Insurance Code § 533 as a matter of law" because "a defendant must knowingly and intentionally make a false or misleading statement to be liable under [Corporations Code] section 25500"); *Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.*, 18 Cal. Rptr. 2d 692, 695, 697 (Ct. App. 1993) (where underlying action for sexual harassment and wrongful termination was settled, the

3

court reviewed the allegations of the complaint and held that coverage for the costs of defending and settling the claim was barred by the policy and § 533 because there was "no credible argument that this alleged wrongful conduct could be anything other than intentional and willful"); *B & E Convalescent Ctr. v. State Comp. Ins. Fund*, 9 Cal. Rptr. 2d 894, 897 (Ct. App. 1992) (where underlying action for wrongful termination was settled, examining the allegations of the underlying action and holding that, "[a]s the employee's claims in the underlying action against the insured employer consist solely of willful misconduct involving the intentional termination of the employee in violation of fundamental and substantial public policies, . . . there is no potential for coverage under the employer's liability policy because Insurance Code section 533 precludes any duty to indemnify").

Contrary to the district court's conclusion, *Downey* did not require a finding of liability for malicious prosecution. *Downey* specifically stated that the question of whether the insureds had acted with malice remained to be litigated when the insureds demanded that the insurer settle the matter. 78 Cal. Rptr. 2d at 147. We also reject the district court's reasoning that the *Downey* court "ruled on the presumption that the insureds had committed a wilful act" because the insureds insisted on the settlement after some adverse rulings. First, *Downey* did not rely on

4

any such presumption, instead considering only whether the elements of a malicious prosecution cause of action established that the tort is a willful act for purposes of § 533. *Id.* at 150–59. Second, like the insureds in *Downey*, MB insisted that Aspen settle the matter after an adverse trial court ruling.

The underlying complaint against MB alleged malicious prosecution, which *Downey* categorically finds to be a willful act within the meaning of § 533.[3] *See State Farm Fire & Cas. Co. v. Drasin*, 199 Cal. Rptr. 749, 750, 751 (Ct. App. 1984) (affirming summary judgment in favor of insurer where underlying malicious prosecution action was still "pending," because malicious prosecution requires a wilful act). Section 533 therefore precludes coverage here.

MB's argument that § 533 does not apply where the insured is vicariously, rather than personally, liable is also unavailing.[4] The malicious prosecution action was not based on an innocent party's vicarious liability for the wrongdoing of another. *Cf. Borbor*, 826 F.2d at 892–94 (where husband was convicted of molesting children who attended a school run by him and his wife, and wife was

_____

[3]  The district court also erred in concluding that § 533 does not apply because the act of settling the malicious prosecution claim is not wrongful or harmful for purposes of § 533. The wrongful act here is not the settlement, but the malicious prosecution.

[4]  The statute provides that an insurer "is not exonerated by the negligence of the insured, or of the insured's agents or others." Cal. Ins. Code § 533.

found vicariously liable for his acts, her vicarious liability did not preclude coverage under § 533). The complaint alleged that the insureds themselves, not an agent or third party, engaged in the acts of malicious prosecution. For example, the complaint alleged that MB and the other defendants "made numerous false statements to the trial court about the forgeries and NMS' misconduct, hid evidence of NMS' misconduct from AEW and the trial court, even though the trial court had ordered that evidence be produced, . . . knowingly submitted NMS' perjured testimony to the trial court, and actively and knowingly assisted NMS in its fraudulent and malicious scheme."

Contrary to MB's argument, *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 58 Cal. Rptr. 3d 516 (Ct. App. 2007), has no application here. In *PCO*, the trial court granted the defendant law firm's summary judgment motion on the ground that a non-equity partner in the firm "acted outside the scope of his authority as a partner" when he engaged in fraudulent activities. *Id.* at 521. On appeal, the court held that there was a triable issue of fact regarding whether the partner was acting in his capacity and within his authority as a partner. *Id.* The law firm thus could have been vicariously liable for the partner's conduct. There is no question here that the MB partners were acting in their capacity and

6

within their authority when they litigated the action that became the subject of the malicious prosecution allegations.

The district court order dismissing Aspen's complaint is reversed and the matter remanded for further proceedings.[5]  Aspen is awarded its costs on appeal. Fed. R. App. P. 39(a)(3).

**REVERSED and REMANDED.**

---

[5]      The motion of Complex Insurance Claims Litigation Association for leave to file an amicus brief in support of Aspen [Dkt. 15] is granted.