Jessica **MORTON**, a Minor, by Loryn **MORTON**, her Guardian ad Litem, **Plaintiff–Appellant**,

v.

**SAFECO INSURANCE COMPANY**, **Defendant–Appellee**.

No. 89–15193.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 1990.*

Memorandum April 19, 1990.

Order and Opinion June 7, 1990.

---

* The panel finds this case appropriate for submission without argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Benjamin Warwick, Warwick & Gardner, Oakland, Cal., for plaintiff-appellant.

Socrates Peter Manoukian, Wines & Manoukian, San Jose, Cal., for defendant-appellee.

Before SNEED, FARRIS and FERNANDEZ, Circuit Judges.

## ORDER

The memorandum disposition filed April 19, 1990, is redesignated as an authored opinion by Judge Sneed. The opinion is hereby attached to this order.

## OPINION

SNEED, Circuit Judge:

Jessica Morton, a minor, appeals a grant of summary judgment against her in her action against Safeco Insurance Company (Safeco) for declaratory relief and breach of good faith and fair dealing. Anthony Everett Miller sexually molested Morton in 1984. Morton claims that Safeco had a duty to indemnify Miller for damages resulting from psychological injuries he inflicted on Morton. She asserts also that Safeco had a duty to defend Miller in the underlying civil suit. In addition, Morton appeals the district court's denial of her motion for reconsideration.

I.

## FACTS AND PROCEEDINGS BELOW

The parties do not dispute the facts underlying this case. In that the underlying

facts are known to the parties, we need not review them here.

We note, however, that on July 19, 1988, the district court granted summary judgment in favor of Safeco on two grounds: (1) that a violation of Penal Code § 288 is a willful act within the meaning of Cal.Ins. Code § 533 (West 1975) and is therefore excluded from insurance coverage under California law and, (2) that, Miller's policy only covers injuries caused by accidents,[1] and that the actions committed by Miller against Morton do not constitute an accident. In light of these holdings, the court held that all other claims by Morton, including the duty to defend claim, became moot.

On July 28, 1988, Morton filed a motion for reconsideration under Fed.R.Civ.P. 59. She argued that, whether or not Safeco had a duty to indemnify, it had a duty to defend, in that the latter duty was broader than the former. On September 16, 1988, Morton augmented her motion for reconsideration by filing a supplemental memorandum requesting the court to consider the declaration of a psychologist, Dr. Alan Friedman.

On October 7, 1988, the district court denied Morton's motion for reconsideration on all points except one. He reinstated Morton's claims based on a failure to defend on the basis of Safeco's assertion in court that it would pay if billed. In that Morton acknowledged that she had never sent a bill, the court stated that "absent receipt of a bill, it cannot be said that Safeco refused to defend the insured's suit." On appeal, however, Safeco claims that it ultimately paid the fees, rendering this claim moot. Morton's appellate briefs, on the other hand, state that the fees have not been paid.

The district court denied the motion for reconsideration as it related to Dr. Fried-

man's declaration. It stated that use of the declaration, which addressed the state of mind of persons molesting children, was not consistent with California law's rejection of state of mind as a relevant consideration in such cases.

This court has jurisdiction of the appeal of this diversity action under 28 U.S.C. § 1291 (1982).

## II.

### STANDARD OF REVIEW

In this diversity of citizenship insurance case, California substantive law controls. *See American States Ins. Co. v. Borbor,* 826 F.2d 888, 890 n. 2 (9th Cir.1987); *James B. Lansing Sound, Inc. v. National Union Fire Ins. Co.,* 801 F.2d 1560, 1561 (9th Cir.1986). This court reviews grants of summary judgment and district courts' interpretations of state law de novo. *State Farm Fire & Casualty Co. v. Abraio,* 874 F.2d 619, 621 (9th Cir.1989). We construe motions for reconsideration under Fed.R. Civ.P. 59(e) as motions for relief under Fed.R.Civ.P. 60(b), and reverse only for abuse of discretion. *Van der Salm Bulb Farms, Inc. v. Hapag Lloyd, AG,* 818 F.2d 699, 700 (9th Cir.1987) (per curiam).

## III.

### DISCUSSION

A. *Motion for Summary Judgment*

 1. Safeco's Duty to Indemnify Miller

 a. *Section 533*

Central to the dispute is the interpretation of the term "willful" under Cal.Ins. Code § 533 (West 1975), which states that "[a]n insurer is not liable for a loss caused by the wilful act of the insured...." Section 533 applies to all insurance contracts in California, "and is equivalent to an exclusionary clause in the contract itself." *Evans v. Pacific Indem. Co.,* 49 Cal.App.3d 537, 540, 122 Cal.Rptr. 680, 682 (1975). Miller's Safeco policy, consistent with sec-

---

1. The policy provides personal liability coverage only where claims or suits are brought against an insured "for damages because of bodily inju-

ry ... caused by an occurrence to which this coverage applies." The term "occurrence" is defined as "an accident...."

tion 533, explicitly excludes from personal liability coverage those payments made to others for bodily injury caused by the insured "which is expected or intended by any insured."

■ Citing a line of California cases, Morton contends that section 533 only excludes harmful conduct from coverage if the insured intended the harmful *consequences* of the conduct (citing *Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865, 887, 151 Cal.Rptr. 285, 297, 587 P.2d 1098, 1110 (1978)). *Congregation of Rodef Sholom of Marin v. American Motorists Ins. Co.*, 91 Cal.App.3d 690, 696–97, 154 Cal.Rptr. 348, 351–52 (1979). She distinguishes the presence of a specific intent to do harm from the presence of an intent solely to do the acts. She argues that only the former is embraced by the exclusion. Any harm flowing from the latter, however, is within the coverage of Safeco's policy, Morton argues.

Her argument fails because California and most other states "infer[ ] a specific intent to injure as a matter of law from the fact of sexual misconduct with a minor." *Fire Ins. Exch. v. Abbott*, 204 Cal.App.3d 1012, 1026, 251 Cal.Rptr. 620, 629 (1988), *review denied*, Dec. 15, 1988.[2] That inference *may not* be overcome by evidence of a subjective lack of intent to harm. *Id.* at 1029, 251 Cal.Rptr. at 630.

We have accepted these decisions as authoritative statements of California law. *See State Farm Fire & Casualty Co. v. Estate of Jenner*, 874 F.2d 604 (9th Cir. 1989); *State Farm Fire & Casualty Co. v. Abraio*, 874 F.2d 619 (9th Cir.1989). Thus, we have held California's inference of intent to be an "irrebuttable presumption of intent to harm if the insured could form the intent to act." *Abraio*, 874 F.2d at 622.

Based on the foregoing, we conclude that the district court was correct in holding that acts of sexual molestation committed by Miller against Morton are excluded from coverage under his policy pursuant to section 533.

#### b. *Accident*

■ Safeco also alleged that sexual molestation, by its nature, is purposeful, not accidental, and therefore is not within the scope of coverage set forth by the policy. *See* note 2, *supra*. We agree. In *Merced Mut. Ins. Co. v. Mendez*, 213 Cal.App.3d 41, 50, 261 Cal.Rptr. 273, 279 (1989), the California Court of Appeal concluded that "[a]n accident ... is never present when the insured performs a deliberate act unless some additional, unexpected, independent, and unforeseen happening occurs that produces the damage." Applying that conclusion to the case before it, which concerned forcible sexual assault of an adult woman, the court concluded that the conduct was not an accident within the meaning of the policy. *Id.* at 50, 261 Cal.Rptr. at 280. *See also Allstate Ins. Co. v. Talbot*, 690 F.Supp. 886, 888–89 (N.D.Cal.1988) (applying the same reasoning to case of sexual molestation of a minor); *Western Nat'l Assurance Co. v. Hecker*, 43 Wash. App. 816, 822, 719 P.2d 954, 958 (1986) (same). We affirm, therefore, on this alternative ground as well.

#### 2. Safeco's Duty to Defend Miller

The record does not reveal whether Miller's legal expenses have, in fact, been paid by Safeco, rendering this claim moot. We need not ascertain the relevant facts in order to resolve this question, however. As a matter of law, Safeco had no duty to defend Miller.

■ An insurer's duty to defend, of course, is broader than its duty to indemnify. *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275, 54 Cal.Rptr. 104, 113, 419 P.2d 168, 177 (1966); *Allstate Ins. Co. v. Overton*,

---

**2.** [A]n intent to cause at least some harm can be inferred as a matter of law.... Implicit in [society's] determination that children must be protected from such acts is a determination that at least some harm is inherent in and inevitably results from those acts.... Accordingly, we conclude that an act which is a violation of Penal Code section 288 is a wilful act within the meaning of Insurance Code section 533.

*Allstate Ins. Co. v. Kim W.*, 160 Cal.App.3d 326, 332–33, 206 Cal.Rptr. 609, 613 (1984) (footnote omitted).

160 Cal.App.3d 843, 851–52, 206 Cal.Rptr. 823, 829 (1984); *Abbott,* 204 Cal.App.3d at 1029, 251 Cal.Rptr. at 631. " 'But where there is *no possibility of coverage,* there is no duty to defend'...." *Abbott,* 204 Cal. App.3d at 1029, 251 Cal.Rptr. at 631 (emphasis added; citation omitted). Where there is *criminal sexual misconduct with a minor,* or where the conduct was not accidental and the policy does not cover damages caused by non-accidental conduct, there is no possibility of coverage. Therefore, Safeco had no duty to defend Miller.

3. Safeco's Duty of Good Faith and Fair Dealing

Morton cites the recent decision of *Judah v. State Farm Fire & Casualty Co.,* 217 Cal.App.3d 1181, 266 Cal.Rptr. 455, 463 (1990), for the proposition that an insured can pursue a cause of action for tortious breach of the covenant of good faith and fair dealing even if it is determined that the policy did not provide coverage for the underlying loss. The district court had dismissed as moot Morton's bad faith claim, once it had determined that Safeco had no duty to indemnify Anderson.

Although *Judah* indicates that the bad faith claim was not necessarily rendered moot by the finding of no coverage, this conclusion does not affect the result in this case. Morton failed to provide any evidence that Safeco violated its obligation to act fairly and in good faith. Therefore, *Judah* does not alter the propriety of a grant of summary judgment against Morton.

B. *Motion for Reconsideration*

 Morton appeals that portion of the district court's ruling rejecting Dr. Friedman's declaration. That rejection was not an abuse of discretion. The evidence of the mental state that Friedman would have offered is irrelevant to the question of coverage under present California law, since intent to harm is irrebuttably presumed. Therefore, the district court's denial of

Morton's motion for reconsideration was proper.

AFFIRMED.