956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ARIS HELICOPTERS, LTD., Plaintiff-Appellant,
v.
AVCO CORPORATION, TEXTRON LYCOMING DIVISION, Defendant-Appellee.
 No. 90-16000.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1991.
Decided Feb. 24, 1992.
 
 Before GOODWIN, SCHROEDER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Aris Helicopters, Ltd. brought this diversity action against Avco Corporation, the manufacturer of certain helicopter engines, alleging breach of warranty, fraudulent concealment, and negligent design and manufacture. Aris appeals the district court's entry of summary judgment in favor of Avco.
 
 
 3
 Aris's claims stem from alleged defects in helicopter engines manufactured by the Textron-Lycoming Division of Avco and used in helicopters produced by Aerospatiale. Aris purchased, co-owned or leased helicopters produced by Aerospatiale. Operation failures began in 1982, and are alleged to have continued through the commencement of this suit in January of 1989.
 
 
 4
 Aris asserts both in answers to Avco's interrogatories and in the declaration of Stephen R. Sullivan, the owner of Aris, that the following Avco engines malfunctioned and caused the damage complained of:
 
 
 5
 Engine Number Acquired First Used
LE"43057 Nov. 1979 prior to 1984
LE"43061 Nov. 1979 prior to 1984
LE"43195 Jan. 1980 prior to 1984
UNKNOWN July 1984 1984
LE"43209 Aug. 1984 1984
LE"43164 Jan. 1985 1985
LE"43224 July 1985 1988
LE"43440 June 1988 1988
LE"43255 Dec. 1988 1988
 
 
 6
 The "unknown" engine was destroyed in a helicopter crash, and was the subject of prior litigation. That case ended in a settlement agreement in January of 1986, whereby the seller agreed to upgrade the Aris engines from LTS-101-600-A2's to LTS-101-600-A3's in 1986, at the seller's expense.
 
 
 7
 The present action originally named both Aerospatiale and Avco as defendants. Although the dispute between Aris and Aerospatiale was settled, the complaint was never amended to clarify which particular engines are the subject of the present litigation. The complaint alleges only that there were and still are significant problems with the following helicopters:
 
 FAA number Date acquired Acquired from:
 N3609N Jan. 12, 1980 Aerospatiale
 N3597T Jan. 24, 1980 Aerospatiale
 N3596G July 22, 1982 George Bumb
 N215EH Jan. 1985 Three individuals
 
 8
 Aris's failure to amend the complaint has generated confusion regarding the statute of limitations. One problem is that some newer engines were used in the older helicopters. Thus, a claim on an engine purchased in 1988, even if used in helicopters purchased in 1982, raises factual questions about the application of the statute of limitations.
 
 
 9
 Aris argues that the statute of limitations was tolled as to all engines because of Avco's repeated representations that the engines would be properly repaired. Aris asserts that Avco issued several directives concerning alterations to be made to ensure that the engines would function properly. Aris implemented some of these modifications, but Aris never completely modified the engines because other helicopter mechanics who implemented the changes reported that the resulting engines were worse than the original engines. Here again the facts are less than clear, but there is evidence that Avco has continued to modify some of the engines continuously from 1986 until the present. The record does not reveal when the last manufacturer's directive was released or when Aris realized that the suggested modifications would not rectify the problems.
 
 
 10
 The district court granted Avco's motion for summary judgment based on California's two-year statute of limitations for breach of warranty, Cal.Civ.Proc.Code § 339, and subsequently denied Aris's motion for reconsideration. Aris now appeals.
 
 I.
 DENIAL OF FURTHER DISCOVERY
 
 11
 The district court's refusal to permit further discovery is reviewed for an abuse of discretion. United States ex rel. Army Athletic Ass'n v. Reliance Ins. Co., 799 F.2d 1382, 1387 (9th Cir.1986). The district court's exercise of discretion on discovery matters will rarely be disturbed. The district court has not abused its discretion if the movant fails to show how the information sought would preclude summary judgment. Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir.1986), cert. denied, 488 U.S. 803 (1988).
 
 
 12
 The district court did not err in denying Aris further discovery with respect to hearsay statements contained in newspaper clippings accompanying Aris's affidavits. Aris asserted that, with more time, they might have unearthed testimony from "key [Avco] personnel" to validate the contents of "numerous press clippings on [Avco's] attempts to correct" defects in helicopter engines. That is not enough. Aris must make clear what evidence it is seeking and how this evidence would preclude summary judgment. Under these circumstances, the district court was justified in refusing to reopen discovery.
 
 II.
 THE DISTRICT COURT'S SUMMARY JUDGMENT ORDER
 A. Issues Involving Later-Acquired Engines
 
 13
 The grant of summary judgment is reviewed de novo to determine whether there was a genuine issue of material fact. Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th Cir.1984). We apply the same standard as the district court under Federal Rule of Civil Procedure 56(c), and we may affirm only if the record, read in the light most favorable to Aris, establishes that there is no genuine issue of material fact and that Avco is entitled to judgment as a matter of law. Twentieth Century-Fox Film Corp. v. MCA, Inc., 715 F.2d 1327, 1328-29 (9th Cir.1983).
 
 
 14
 In its brief, Aris sets forth "facts" raised in its Opposition to Defendant's Motion for Summary Judgment which, Aris maintains, constitute issues of material fact sufficient to defeat Avco's motion for summary judgment. Although these "facts" hardly present a model of pleading, the district court's function was not to weigh the evidence, but to view it in the light most favorable to Aris. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "Fact 7" and "Fact 9" did present evidence which, viewed in the light most favorable to Aris, created a triable issue of fact.
 
 
 15
 1. Aris's "Fact 7"
 
 
 16
 Aris contends that as a result of the earlier settlement, Avco undertook to upgrade all Aris's engines from LTS-101-600-A-2's to LTS-101-600-A-3's. Sullivan stated in his declaration that this upgrade did not cure the engine problems, although the seller represented to him that the A-3 modifications would do so. Sullivan claimed to have personal knowledge of these facts and his claim was not substantially contradicted.
 
 
 17
 Federal Rule of Civil Procedure 56(e) provides in pertinent part:
 
 
 18
 Supporting and opposing affadavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.
 
 
 19
 In Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986), the Court explained that Rule 56(e) requires "the non-moving party to go beyond the pleadings and by [his] own affadavits or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a general issue for trial.' " Sullivan's declaration met these requirements. Since the declaration was based on personal knowledge and set forth specific facts in evidence, it should have been considered in the summary judgment proceedings.
 
 
 20
 The record suggests that the district court did not consider Sullivan's declaration, for when the evidence is viewed in the light most favorable to Aris, it clearly presents a genuine issue of material fact. California's statute of limitations is tolled "where one who has breached a warranty claims that the defect can be repaired and attempts to make repairs." Aced v. Hobbs-Sesack Plumbing Co., 55 Cal.2d 573, 585 (1961).[1] If Sullivan's testimony ultimately is accepted by the trier of fact, it would establish that the statute of limitations was tolled.
 
 
 21
 2. Aris's "Fact 9"
 
 
 22
 The allegations that Avco made repeated promises to repair Aris's engines were partially considered by the district court, which rejected the argument that the alleged statements raised an estoppel. The court reasoned that, first, "the majority of the evidence [Aris used to support Fact 9] ... is inadmissible," and that second, "Aris claims that Avco made general representations about its products to the public and they're not sufficient to demonstrate Avco made representations to Aris." However, "Fact 9" states that "[the seller] continued to represent [to Sullivan] and other LTS-101 operators that in fact the cure was on the way." Thus, Sullivan again claims that these representations were made to him personally. This is sufficient to create a genuine issue of material fact whether or not these representations in fact occurred.
 
 B. Damages Arising Prior to 1986
 
 23
 Aris claims that it has incurred out-of-pocket expenses since 1982 for repair of helicopter engines as well as for other, consequential damages such as additional management costs, additional unscheduled maintenance, and helicopter use necessitated by the failure of the Avco helicopter engines. The district court properly found the statute of limitations barred these claims.
 
 
 24
 The claims from 1982 were already barred by the time the 1986 settlement was reached. Aris never asserts that Avco promised to remedy the defects in the engines prior to January of 1986. Thus, claims for reimbursement for funds lost before January of 1984 (two years prior to the settlement agreement) are clearly barred because the statute of limitations was not tolled in regard to these claims. Summary judgment was appropriate with respect to engines LE-43057, LE-43061, and LE-43195.
 
 
 25
 Furthermore, the settlement agreement appears to have included payments for Aris's repairs and other damages incurred prior to 1986. In addition to the promise to modify the engines Avco provided Aris with a monetary settlement of $25,000. If Avco failed to meet the terms of the settlement agreement in regard to reimbursement, Aris should have filed a timely action against Avco for this failure. However, by January of 1988 the limitations period barred all claims arising prior to January of 1986.
 
 
 26
 Aris raises two defenses to this application of the statute of limitations. First, Aris claims that the statute was tolled by ongoing repairs after 1986 undertaken by Avco or under Avco's instruction or inducement, or per regulations of the FAA. However, the fact that repairs were ongoing would not have mitigated Aris's responsibility to sue for recovery of damages already incurred before these claims were barred by the statute of limitations. See Davies v. Krasna, 14 Cal.3d 502, 514 (1975). ("Under present authority, neither uncertainty as to the amount of damage nor difficulty in proving damage tolls the period of limitations.").
 
 
 27
 Second, Aris claims that fraud on the part of Avco tolled the statute of limitations. Aris claims that Avco continually represented to Aris that a "cure" to the problems they were experiencing with helicopter engines was forthcoming. Aris further claims that Avco knew no such cure was on the way. The suggestion is that Avco stalled Aris from making claims until the statute of limitations had expired.
 
 
 28
 This claim fails for the same reason outlined above with respect to ongoing repairs. Aris does not contend that the alleged fraud kept it from knowing that it had already incurred out of pocket expenses or that these expenses were actionable. The district court was correct in granting summary judgment in regard to the damages incurred before 1986.
 
 
 29
 C. Damages Arising After 1986 But in Connection to Engines Purchased Prior to 1986
 
 
 30
 With respect to its claims for damages arising after 1986 but in connection to engines purchased prior to 1986, Aris presses the theory that the statute of limitations was tolled by "ongoing repairs." Relying on Cascade Gardens Home Owners Ass'n v. McKellan & Assocs., 240 Cal.Rptr. 113, 116 (Cal.App.1987), Aris argues that for the entire period during which Avco insisted repairs were possible, the statute of limitations was tolled under California law in order to give the party in breach of warranty an opportunity to repair the damage. Both Cascade and Mack v. Hugh W. Comstock Assc., Inc., 37 Cal.Rptr. 466 (Cal.App.1964), upon which Cascade relies, are analogous to the situation presented here. Cascade holds that repairs made by the seller, and permitted by the buyer in the expectation that they will cure the alleged breach of warranty, toll the statute of limitations. Mack similarly holds that the statute of limitations is tolled during the entire period when the manufacturer attempts repairs while assuring the buyer that the repairs will make the product conform to warranty.
 
 
 31
 Although the parties have cited no case law on the subject, the fact that Aris itself undertook to make factory-advised repairs does not alter the principle underlying this case if the repairs were made at the direction and for the benefit of Avco to cure a breach of warranty. Aris asserts that in fact this was the case. The district court did not make findings on Avco's chronic failure to provide a functional engine, and accordingly does not reveal what facts produced the bar of statute of limitations.
 
 
 32
 More information is necessary to decide the merits of this claim. If the upgrades in the engines were the result of the Aris I settlement agreement, as Sullivan asserts, it could follow that the statute of limitations started anew in 1986 when the modifications from A-2's to A-3's were completed. There is no information in the record indicating how substantial the engine modifications were (e.g., whether the modifications created entirely new engines) or when Avco stopped representing that the engines could be repaired. These facts would bear on the statute of limitations issue and should have been be fully explored before abruptly denying Aris a trial.
 
 
 33
 1. Aris's Presentation of the Argument for Tolling
 
 
 34
 This plausible argument for tolling the statute of limitations was formally raised by Aris only upon motion for reconsideration. However, it was inartfully raised previously in Aris' Opposition to Motion for Summary Judgment. In that motion, Aris's president declared that "[Avco] from the late 1970's to the present time [has] persistently and falsely told operators that a fix is on the way and that if all are patient all will be well." (Plaintiff's Memorandum in Opposition to Defendant Lycoming's Motion for Summary Judgment, 7:16-18). The memorandum further argues that "[Avco] is thus estopped from asserting statute of limitations on any cause of action since it has falsely represented to the public that a cure was on the way and a solution at hand." (Id. 7:245-27). These statements are made under a section entitled "[Avco] is Estopped to Assert the Statute of Limitations". (Id. 4:10). Although the words "promises to repair toll the statute of limitations" were not used, the arguments alluded to such a claim in the above-quoted sections, and others. Thus, while the issue was raised prior to the motion for reconsideration, the court apparently failed to consider it, most likely because the argument was not explicitly outlined due to the confusion generated by the attorneys' jumbled documents.
 
 2. Aris's Motion for Reconsideration
 
 35
 Rulings on motions for reconsideration under Rule 59(e), as well as rulings on motions under Rule 60(b), may be reversed only upon a finding of abuse of discretion by the district court. Morton v. Safeco Ins. Co., 905 F.2d 1208, 1210 (9th Cir.1990). Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n. 5 (9th Cir.1989).
 
 
 36
 While it is true that motions for reconsideration are not meant to permit parties to assert new grounds for relief, the argument regarding the tolling of the statute of limitations was presented to the district court, which failed to fully consider whether the statute of limitations may now be tolled.
 
 
 37
 The Eleventh Circuit, faced with a similar situation in which the argument was first raised upon motion for reconsideration of the summary judgment grant, held that although the estoppel argument was raised late in the summary judgment proceedings, it was a legitimate argument and was raised in time for the district court to consider it with regard to that motion. Local 92, International Ass'n of Bridge, Structural and Ornamental Ironworkers v. B & B Steel Erectors, Inc., 850 F.2d 1551, 1554 n. 3 (11th Cir.1988). Here, it was within the district court's discretion to decline to consider a new argument based on authority that had been available for Aris to discover at the time of the original motion for summary judgment and opposition were filed. Given the confusing nature of the arguments submitted prior to that time, however, the district court should have considered the possibility that the statute of limitations was tolled for at least some of the helicopters.
 
 
 38
 This circuit has held that "the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n. 5 (9th Cir.1989). Aris does not claim that new authority or new evidence has been discovered. The Motion for Reconsideration did, however, attempt to focus the district court's attention on an issue it previously had ignored and thus attempted to correct an error the district judge made in not reviewing the possibility that the repairs tolled the statute of limitations.
 
 
 39
 D. Damages Related to Engines Purchased in 1988
 
 
 40
 The district judge adopted the view that because the damages on some of the engines were first discovered in 1982, the suit regarding all the engines, whenever purchased, was barred because Aris filed the suit "in 1989 and the statute is two years". Although there is some question whether the engines purchased after 1988 are part of this litigation at all, that issue should not have been resolved by granting a blanket summary judgment as to the entire matter.
 
 
 41
 Aris claims certain damages arising from the operation of two helicopter motors bought in 1988. See Amended Declaration of Stephen Sullivan in Support of Plaintiff's Motion for Reconsideration, CR 88 (identifying helicopter engines acquired by Aris to include LE-43440 and LE-43255, both acquired in 1988). It is possible that these engines simply were not the subject of this litigation. The first amended complaint sought damages, inter alia, for unscheduled parts and labor in the amount of $250,025.93. During his deposition, plaintiff's president provided an itemization of this figure, specifying six engine serial numbers whose combined expenses for unscheduled parts and labor amounted to the same $250,025.93. Exhibit E to CR 50 at 5. None of these serial numbers matches the two identified by Sullivan as being the engines acquired in 1988.
 
 
 42
 On the other hand, the first amended complaint does repeatedly refer to "$75,000 for additional expenses for spare engines, extra modules, and spare parts." See, e.g., CR 4 at 4:3-4. It is possible that the spare engines referred to were purchased in 1988. Aris did not make this argument explicitly in its submissions to the district court. Avco was aware of these claims, however, because Aris in its answers Avco's interrogatories stated that these engines were included in the suit. So long as Avco was aware of these allegations regarding the later-acquired engines, Aris should be permitted to include them in the suit.[2]
 
 
 43
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The tolling of the statute of limitations will be discussed later. We note here only that there is a genuine issue bearing on the statute of limitations as applied to at least some of the engines
 
 
 [2]
 Because this case must be remanded for trial, liberal amendment should be allowed so that Aris may state, and the defendant may answer specific claims addressed to specific, enumerated engines