956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlyle NORMAN; Marian Norman, Plaintiffs-Appellants,
v.
ALLSTATE INSURANCE, an Illinois Corporation, and Does 1
through 10, inclusive, Defendant-Appellee.
 No. 91-15119.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1992.
Decided Feb. 28, 1992.
 
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carlyle Norman (Norman) and Marian Norman appeal the district court's grant of summary judgment in favor of Allstate Insurance (Allstate). The court determined that Allstate did not have a duty to defend or indemnify Norman in the underlying nuisance abatement action brought by the City of Novato (City). We affirm.
 
 FACTS
 
 3
 Norman built a radio antenna on his property as authorized by a City use permit. However, the City had failed to notify all interested parties when issuing the permit as required by city zoning procedures. The City later modified the permit after receiving post-construction complaints from neighbors. When Norman failed to comply with the modified permit, the City declared the antenna a nuisance and filed an abatement action in the California Superior Court. That court ordered Norman to abate the nuisance and pay the City its costs and attorneys fees.
 
 
 4
 Norman subsequently filed this action claiming that Allstate had a duty under the provisions of a Personal Umbrella Policy to defend and indemnify him in the underlying nuisance action. The relevant parts of the Personal Umbrella Policy stated that "Allstate will pay when an Insured becomes legally obligated to pay for personal injury or property damage caused by an occurrence. The personal injury or property damage caused must be unexpected or unintended." The Umbrella Policy defined "occurrence" as "an accident or a continuous exposure to conditions."
 
 
 5
 Norman also had a Deluxe Plus Homeowners' Policy which stated, in pertinent part, that "Allstate will pay all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy." That policy also provided payment for loss of property described in the policy, but it excluded loss resulting from "enforcement of any ordinance or law regulating the construction, repair or demolition of building structures or other structures, unless otherwise covered in this policy." Based on an interpretation of this language, the district court granted Allstate's motion for summary judgment.
 
 STANDARD OF REVIEW
 
 6
 This court reviews a grant of summary judgment "de novo to determine whether, viewing the evidence in a light most favorable to the [appellants], there are any genuine issues of material fact and whether the district court applied the relevant substantive law." Tzung v. State Farm Fire & Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). California substantive law controls in this diversity of citizenship insurance case. Morton ex rel. Morton v. Safeco Ins. Co., 905 F.2d 1208, 1210 (9th Cir.1990).
 
 DISCUSSION
 A. Duty to Defend Nuisance Action
 
 7
 "An insurer must provide a defense if the claim brought against the insured raises the potential for covered losses...." Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1364 (9th Cir.1991) (California law). See Gray v. Zurich Ins. Co., 65 Cal.2d 263, 275, 419 P.2d 168, 54 Cal.Rptr. 104, 112 (1966). Allstate had a duty to defend in the underlying nuisance action if the damage was caused by an "occurrence" or "accidental loss." The Allstate policies define "occurrence" as "an accident or continuous exposure to conditions." An "accident" is "an unexpected, unforeseen, or undesigned happening or consequence." Hogan v. Midland Nat'l Ins. Co., 3 Cal.3d 553, 559, 476 P.2d 825, 91 Cal.Rptr. 153 (1970).
 
 
 8
 A deliberate, intentional act by the insured is not an accident unless something "additional, unexpected, independent, and unforeseen" occurs that causes damage. Chamberlain, 931 F.2d at 1364; Merced Mut. Ins. Co. v. Mendez, 213 Cal.App.3d 41, 50, 261 Cal.Rptr. 273 (1989). Norman intentionally and deliberately failed to take the antenna down when the City classified it as a nuisance. That intentional act was no accident. Yet it is that act that gave rise to the action in the superior court.
 
 
 9
 Furthermore, it is irrelevant that Norman did not intend the resulting harm of creating a nuisance when he built and maintained his radio antenna. Where the insured intended all of the acts that resulted in the injury, the event may not be deemed an "accident" merely because the insured did not intend to cause injury. Chamberlain, 931 F.2d at 1365; Allstate Ins. Co. v. LaPore, 762 F.Supp. 268, 270 (N.D.Cal.1991); Merced, 213 Cal.App.3d at 50. Here no fortuitous event intervened between Norman's acts and the nuisance. His acts and failures to act were the sole efficient causes of the nuisance he chose to maintain. Therefore, Norman's intentional actions are not "accidents" within the scope of the policies, and Allstate had no duty to indemnify or defend Norman in the underlying action.[1]
 
 B. Duty to Indemnify
 
 10
 Norman also asks for payment for the physical loss of his property--the antenna. However, an exclusionary clause precludes indemnity for loss of use of property arising out of the nuisance abatement action. Section 3 of the Deluxe Policy Dwelling Protection states that Allstate does not cover losses resulting from "[e]nforcement of any ordinance or law regulating the construction, repair or demolition of building structures or other structures, unless otherwise covered by this policy." The City sued Norman to enforce the local zoning regulations that clearly fall within this exclusion. Therefore, Allstate does not have a duty to indemnify Norman for the losses resulting from the City's nuisance abatement action.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We emphasize that we have no occasion to fix moral blame upon Norman for his decision to contest the City's demand that he tear down his antenna. We only say that the result of that decision was not an accident
 
 
 [2]
 Given these determinations, we need not consider Allstate's further claim that California Insurance Code § 533.5 and California Civil Code § 1668 preclude insurance coverage, and that no "damages" were collectable by the City in the abatement action