988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry STEWART, Petitioner-Appellant,
v.
William GOTCHER, Warden, Respondent-Appellee.
 No. 92-16095.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-92-00565-SMM, Stephen M. McNamee, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before GOODWIN, SCHROEDER, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Stewart, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition and his subsequent motion for reconsideration. Stewart was convicted of possession with intent to distribute methamphetamine. We review the denial of a petition for habeas corpus de novo, and the denial of a motion for reconsideration for an abuse of discretion. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989) (habeas corpus); Morton by Morton v. Safeco Ins. Co., 905 F.2d 1208, 1210 (9th Cir.1990) (motions for reconsideration). We affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). The petitioner has the burden of alleging exhaustion. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir.1981), cert. denied, 455 U.S. 1023 (1982). A district court may dismiss a habeas petition without serving it on the government if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief," see Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.
 
 
 4
 Stewart affirmatively alleges that he has not presented his claim to the Arizona Supreme Court. The district court, while noting Stewart's failure to exhaust, ultimately dismissed the petition as patently frivolous.[1]
 
 
 5
 The gravamen of Stewart's complaint is that the Arizona courts lack jurisdiction to adjudicate his guilt, and that the grand jury was similarly without jurisdiction to indict him. Specifically, he argues that because no complaint was ever filed by a party actually injured by his conduct, no lawful suit was ever properly instituted in the Arizona courts. There is no authority to support these conclusory allegations.[2]
 
 
 6
 Given these circumstances, in addition to Stewart's failure to exhaust his state remedies, the district court did not err by denying Stewart's habeas petition. Accordingly, the district court properly denied Stewart's motion for reconsideration. See Norris, 878 F.2d at 1180; Morton, 905 F.2d at 1210.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We may affirm the district court's judgment on any ground supported by the record. United States v. Humboldt County, 628 F.2d 549, 551 (9th Cir.1980)
 
 
 [2]
 The court took judicial notice that Stewart's memorandum in support of his habeas petition incorporated a "boilerplate brief" circulating through the Arizona courts